IN THE U.S. DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK   X

EQUAN YUNUS, a.k.a. DAMON VINCENT

              -Plaintiff              17-Cv-5839 (AJN)(BCM)

          Vs.                   Description: PI/TRO

J. LEWIS-ROBINSON, ET AL.,

              -Defendants       request for hearing within 14 days

_____X

---

# PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

# / TEMPORARY RESTRAINING ORDER

                         By: Equan Yunus a.k.a

                         Damon Vincent, Pro Se

                         2068 Daly Ave, Apt # 4-A,

                         Bronx, NY 10460

To:
ERIC T. SCHNEIDERMAN
Attorney General of the
State of New York
Attorney for State Defendants
120 Broadway – 24th Floor
New York, New York 10271-0332
(212) 416-6035
Amanda C. Shoffel
Assistant Attorney General
of Counsel

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/22/15

1

TABLE OF CASES ................................................................page 4

INTRODUCTION...............................................................Page 6

ARGUMENT........................................................Page 7

Preliminary Injunction Legal Standard .................................Page 7

Plaintiff Is Highly Likely to Succeed on the Merits............page 8

Due process Liberty Interests-"Stigma-Plus" Test standards ......page 9

Damage to Plaintiff's reputation and tangible burdens in satisfaction of

the Procedural Due Process Clause "Stigma Plus" test............page 11

Reputational Harms....................................................Page 11

Tangible Burdens in addition to reputational harms..............Page 13

TANGIBLE BURDEN IN VIOLATION OF FOURTEENTH AMENDMENT
DUE PROCESS - DENIAL OF FREEDOM OF SPEECH IN VIOLATION OF THE FIRST
AMENDMENT ...............................................................Page 13

TANGIBLE BURDEN IN VIOLATION OF THE FOURTEENTH AMENDMENT
DUE PROCESS– DENIAL IN PRIVACY IN SEXUAL RELATIONSHIPS..........Page 16

TANGIBLE BURDEN IN VIOLATION OF THE FOURTEENTH AMENDMENT DUE
PROCESS– RESIDENCY AND EMPLOYMENT RESTRICTIONS...................Page 17

TANGIBLE BURDEN IN VIOLATION OF THE FOURTEENTH AMENDMENT DUE
PROCESS – DENIAL OF ALL CONTACT WITH FAMILY MEMBERS UNDER
18.............................................................................Page 18

TANGIBLE BURDEN IN VIOLATION OF THE FOURTEENTH AMENDMENT DUE
PROCESS– DENIAL OF PORNOGRAPHY AND ENTRANCE INTO
BOOKSTORES..............................................................Page 19

Defendants are not entitled to qualified
Immunity..................................................................Page 19

Plaintiff Will Suffer Irreparable Harm If the Court Does Not Issue a Preliminary Injunction……………………………………………………………….page 22

An Injunction Will Not Harm Other Parties. Instead, It Will Serve the Public Interest…………………………………………………………………page 23

CONCLUSION…………………………………………………………………Page 24

TABLE OF CASES

Citibank N.A. v. Citytrust, 756 F.2d 273, 275 (2d Cir.1985).........................page 8

Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.,

2010 WL 786584 (2d Cir. Mar. 10, 2010).................................................page 7-8

Conn v. Gabbert, 526 U.S. 86 (1999) ...................................................... page 18, 22

Crenshaw v. City of New Haven, 2016 U.S. APP. LEXIS 11196, 2016 WL 309658

(2nd Cir, June 21, 2016) ....................................................................page 10, 20

Doe v. Annucci, 14 Civ. 2953 (PAE) (S.D.N.Y.  July 15, 2015).................page 9

Doe v. Jindal, 853 F.Supp.2d 456 (M.D. La 2012) ................................. page 14, 21

Doe v. Nebraska 898 F.Supp.2d 1086 (D. Neb 2012) ............................. page 14, 21

Doe v Pataki, 3 F.Supp.2d 456 (S.D.N.Y. 1998) ....................................page 10-19

Doe v. Prosecutor, 705 F.3d 694 (7th Cir 2013) ..................................... page 14,21

Doe v. Strange, 2016 U.S. Dist. Lexis 35161 (N.D.  Ala 2016) ................. page 18-19, 21

Doe v. Snyder, 101 F. Supp3d 672 (U.S. D. Mich. 2015)..........................page 18, 21

Elrod v. Burns 96 S.ct 2673 (1976) .................................................... page 14, 20, 22

Freespeech Coalition v. Ashcroft ....................................................... page 14, 21

Grayned v. City of Rockford, 408 U.S. 104 (1972) ............................... page 22

Hope v. Pelzer, 536 U.S. 730 (2002)................................................. page 20

Jayaraj v. Scappini, 66 F.3d 36, 39 (2d Cir. 1995)............................... page 8

Lawrence v. Texas, 539 U.S. 558 (2003) ............................................page 17, 22

Malley v. Briggs, 475 U.S. 335 (1986) .............................................. page 19

Packingham v. N.C., 137 S.ct 1730 (2017) ......................................... Page 14, 21

People v. David W., 95 N.Y.2d 130 (2000) ......................................... Page 10-19

Reno v. ACLU, 521 U.S. 844 (2000) ................................................. Page 13, 21

Singleton v. Doe, 2014 WL 3110033 (E.D.N.Y. 2014) ………………………… page 15

Southerland v. City of New York, 681 F.3d 122, 125 (2nd Cir 2012)……………page 19

Swarthout v. Cooke, 562 U.S. 216 (2011) ……………………………………... page 9

U.S. v. Holm, 326 F.3d 872 (2nd Cir 2002) …………………………………….Page 16, 20

U.S. v. Loy, 237 F.3d 251 (3rd Cir 2000) ……………………………………….Page 16, 20

U.S. v. Merck, 425 F.3d 505 (8th Cir 2005) …………………………………….Page 16, 20

U.S. v. Meyers, 426 F.3d 117 (2nd Cir 2002) ………………………………….page 16, 20

U.S. v. Reeves, 591 F.3d 77 (2nd Cir 2010) …………………………………….Page 16, 22-23

U.S. v. Sofsky, 287 F.3d 122 (2nd Cir 2002) ………………………………….page 16, 20

U.S. v. Webster, 819 F.3d 35 (1st Cir 2016) ……………………………..…Page 15

U.S. v. Williams, 535 U.S. 285 (2008) …………………………………………...page 18, 22

Valmonte v. Bane, 18 F.3d 992 (2nd Cir 1994) …………………………………...Page 10, 20

Victory v. Pataki, 814 F.3d 47, 59 (2nd Cir 2016) ………………………………page 9

"The greatest dangers to liberty lurk in the insidious encroachment by men of zeal, well-meaning but without understanding." Louis D. Brandeis

## INTRODUCTION

On July 15, 2016 the New York State Department of Correctional Services and Community Supervision Parole Supervisor Smith ("Defendant Smith") imposed upon the Plaintiff Special Sex Offender Parole conditions despite Parolee Damon Vincent a.k.a. Equan Yunus ("Plaintiff Yunus") presenting to Defendant Smith evidence of no history of any sexual misconduct and no propensity for any sexual misconduct in the future or present. These Special Sex Offender Parole Conditions denied the Plaintiff his Due process Liberty Interests ("Stigma-Plus" violation through damage of reputation with tangible burdens without due process),   First Amendment right to freedom of speech (through denial of cellular phone usage, the internet, computer use, social media, video and photo equipment, to receive publications, and to visit bookstores), Due Process violations through unconstitutionally vague special sex offender parole conditions (through Residency Restrictions and denial of participation of the Plaintiff's Occupational calling), Denial of privacy (through notification of sexual relationships), and denial of familial relationships (through denial of contact and being able to live with family members under 18 years of age) . These Special Sex Offender Conditions were imposed and administered by Defendants Smith, Joan Lewis-Robinson, Granum, Yolanda Vazquez, D. Jones, Anthony Annucci, and Andrew Cuomo and upon the Plaintiff, and the Defendants made the decision to impose and administer these special sex offender parole conditions unilaterally, he was not individually assessed, without notice, hearing, standard of proof, appeal or ability to contest it. These Special Sex offender parole conditions given without due process are not related to Plaintiff's past conduct or future chance of offenses, nor reasonably related to the rehabilitation of the defendant and the protection of the

public. As sex offender recidivism rates are low, and plaintiff has absolute no propensity of sexual misconduct. They are a byzantine code governing in minute detail the lives of the state's sex offenders, including onerous restrictions on where they may live, work, and "loiter.

Plaintiff has been, and continues to be, irreparably harmed by the challenged conditions. He therefore respectfully moves this Court for a preliminary injunction ordering the Defendants to refrain from enforcing any of the challenged conditions, pending adjudication of this matter on the merits. Plaintiff requests a hearing on this motion within 21 days.

## ARGUMENT

## Preliminary Injunction Legal Standard

1) The standard governing preliminary injunction motions in the Second

Circuit requires the plaintiff to establish (1) a substantial likelihood of success on the merits and (2) irreparable harm. See County of Nassau v. Leavitt, 524 F.3d 408, 414 (2d Cir. 2008); See Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd., 2010 WL 786584 (2d Cir. Mar. 10, 2010). Under the Second Circuit's long-standing preliminary injunction test, a party must demonstrate "irreparable harm absent injunctive relief and either a likelihood of success on the merits, or a serious question going to the merits to make them a fair ground for trial, with a balance of hardships tipping decidedly in the plaintiff's favor." In upholding the district court's application of the test granting a preliminary injunction, the Second Circuit, despite the "either . . . or" language of its test, characterized its serious questions standard as essentially another way to analyze a likelihood of success on the merits. Questions about whether the latest Supreme Court jurisprudence requires an across-the-board shift in the test for

7

preliminary injunctions. See Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd., 2010 WL 786584 (2d Cir. Mar. 10, 2010).

2) Perhaps the single most important prerequisite for the issuance of a preliminary injunction is a demonstration that if it is not granted the applicant is likely to suffer irreparable harm before a decision on the merits can be rendered. See. Jayaraj v. Scappini, 66 F.3d 36, 39 (2d Cir. 1995); Citibank N.A. v. Citytrust, 756 F.2d 273, 275 (2d Cir.1985) (internal quotations omitted). Irreparable harm "means injury for which a monetary award cannot be adequate compensation." Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc., 596 F.2d 70, 72 (2d Cir.1979).

## Plaintiff Is Highly Likely to Succeed on the Merits.

3) Mr. Yunus for purposes of this motion for preliminary injunction / Temporary restraining order has advanced Constitutional claims in his Complaint under the U.S. Constitution's First Amendment's Freedom of Speech, and The Due Process Clause of the Fourteenth Amendment to the United States Constitution, all of which deny Plaintiff liberty interests under the Due Process:

> i)      Defendants have imposed all the challenged conditions in violation of his procedural due process rights. He is substantially likely to succeed these claims. Mr. Plaintiff is likely to succeed on his claim that Defendants violated his Fourteenth Amendment right to procedural due process and liberty interests by imposing all the challenged special sex offender parole conditions without providing him any process at all.

## Due process Liberty Interests-"Stigma-Plus" Test standards

4)     The Fourteenth Amendment of the U.S. Constitution's Due Process clause protects persons against deprivations of life, liberty, or property without due process of law, and "those who seek to invoke its procedural protections must establish that one of these interests is at stake." Victory v. Pataki, 814 F.3d 47, 59 (2nd Cir 2016)(Quoting Graziano v. Pataki, 689 F.3d 110, 114 (2nd Cir 2012). A court first asks "whether there exists a liberty or property interest of which a person has been deprived and if so, "whether the procedures followed by the State were constitutionally sufficient." Id. (quoting Swarthout v. Cooke, 562 U.S. 216, 131 S.ct 859 (2011)).

5)     Plaintiff states without notice, hearing, standard of proof and appeal process, he was given unconstitutional highly intrusive and restrictive special sex offender parole conditions imposed, administered, and applied by the Defendants in this case, he was not individually assessed,  were not based on his risk level assessment by his sentencing court, nor on the facts of no sexual misconduct, no propensity or likelihood of future sexual offenses. Plaintiff states this is illegal as he has a due process right and liberty interest in avoiding the stigma and tangible impairment associated with a registered sex offender designation and the continuing status and duties it imposes when minimum due process protections are not afforded. See Complaint Claim # 1¶. All the special sex offender parole conditions were and are at the discretion of the parole officer. Compl. ¶ 10. Doe v. Annucci, 14 Civ. 2953 (PAE) (S.D.N.Y.  July 15, 2015).

6)     Both prisoners and parolees have a due process liberty interest in avoiding the stigma and tangible impairment associated with a registered sex offender designation. See e.g. Doe v.

Pataki, ("Doe III") 3 F.Supp.2d 456 (S.D.N.Y. 1998); People v. David W, ("David W") 95 N.Y.2d 130 (2000). When a registered sex offender's due process liberty interests are at stake New York courts have applied the "Stigma Plus" test, established through U.S. Supreme Court jurisprudence, that described and developed the liberty interests implicated when a person's good name and reputation are at stake. Doe III, at 467; David W, at 138.

7)      Under the "Stigma Plus" test, an offender who can establish both damage to reputation and alteration of some more tangible interest may invoke the procedural guarantees of the due process clause. See Doe III, 3 F.Supp.2d at 467 (quoting Paul v. Davis, 424 U.S. 693, 701, 96 S.ct 1155 (1976); See also Crenshaw v. City of New Haven ____ F. Appx ____ , ____, 2016 U.S. App. Lexis 11196, 2016 WL 309658, at * 2 (2nd Cir June 21, 2016) ("A protectable Liberty Interest may arise in connection with a 'loss of reputation' when coupled with some other Tangible element." (quoting Valmonte v. Bane, 18 F.3d 992, 999 (2nd Cir 1994)).

8)      Both the Doe III, and David W courts identified reputational harms from the "community notification provisions" SORA, which will have a considerable adverse impact on an individual's ability to live in a community. The Courts in Doe III 3 F.Supp.2d at 468 and David W, 95 N.Y.2d at 138-139 noted widespread dissemination of [offenders] information is likely to carry, shame, humiliation, ostracism, loss and inability to obtain and maintain employment.

9)      Both courts (Doe III and David W) held the registration provision of SORA, which subjects sex offenders to minimum of 10 years [now 20 years] and possibly for life, constituted a "tangible impairment of a right" in addition to mere harm to reputation. Thus triggering due

process safeguards. See Doe III at 468; David W at 138-139. Such a result may be reached by coupling the reputational damage with... the continuing legal status as a registrant and the duties imposed as a result. See Doe III 3 F.Supp.2d at 468.

## Damage to Plaintiff's reputation and tangible burdens in satisfaction of the Procedural Due Process Clause "Stigma Plus" test

### Reputational Harms

10)     Here although the Plaintiff's crime of kidnapping for ransom has no sexual component, and he has no history, propensity, or likelihood to ever commit a sex offense [see Complaint ¶ 4] Plaintiff was required by his special sex offender parole conditions imposed and administered by defendants' J Lewis-Robinson, D. Jones, Smith, Granum, Yolanda Vazquez, and Anthony Annucci to register as a sex offender. See [New York Correction Law 168 designates kidnapping of a child under 17 as a sex offense, and Plaintiff's judge designated Plaintiff the lowest level of risk (level I), Plaintiff's Parole Conditions mandated sex offender registration. Cf. Complaint ¶¶ 4 and 10].

11)     Defendants assigned Plaintiff Special sex offender parole conditions that were highly intrusive upon and restrictive of the Plaintiff's liberty without notice, hearing, standard of proof, or Appeal process, without consideration of the facts, circumstances, or his low risk level [which was actually absent of any propensity or history of sexual misconduct. See complaint ¶ ¶ 4, 9 ,11-25,30, and 40].

12)     The Plaintiff has shown reputational harms, first through the sex offender registration. See Complaint, Id. See Doe III 3 F.Supp.2d at 467-468; David W, 95 N.Y.2d at 138-139. Second, through Plaintiff being subject to shame, humiliation, and ostracism from staff, parolees, and residents at NYSDOCCS Division of parole offices, and BRC shelter. See Complaint ¶ 19, 42. Having to notify his fiancé he was a sex offender. See Complaint ¶ 41. Having family and friends learn Plaintiff was a sex offender, due to plaintiff notifying them he could not use social media due to his sex offender status. See Complaint ¶ 37. Plaintiff's son experienced sorrow and frustration due to his father being labeled a sex offender. See Complaint ¶ 43.


13)     Plaintiff's sex offender registration caused frustration, strain, and arguments with his fiancé and family. See Complaint ¶ 42. Plaintiff constantly lived in fear of losing the undesirable jobs he was able to obtain if it was discovered he was a sex offender. See Complaint ¶ 44. Plaintiff was forced into humiliation at his college, when he was mandated to notify school officials that he was a sex offender and this information was disseminated at the school, which caused the plaintiff to face ostracism at his college. Complaint. ¶ 46.


14) Based on the facts stated above by the Plaintiff. See ¶¶ 7-10 above, Plaintiff has shown the types of reputational harms through a registered sex offender designation that the Courts in Doe III and David W, considered harmful. See Doe III at 468; and David W, at 138-139.


Tangible Burdens through continuing legal status as a registered sex offender and duties imposed as a result.

Tangible Burdens in addition to reputational harms

TANGIBLE BURDEN IN VIOLATION OF FOURTEENTH AMENDMENT DUE PROCESS - DENIAL OF FREEDOM OF SPEECH IN VIOLATION OF THE FIRST AMENDMENT

15)    Plaintiff as a registered sex offender has been imposed the duties of 48 plus special sex offender parole conditions by defendants J. Lewis-Robinson, D. Jones, Smith, Granum, Yolanda Vazquez, and Anthony Annucci. These special sex offender conditions are a "Stigma Plus" tangible impairment upon and were implemented and administered without notice, hearing, standard of proof, or appeal process. Without regard to and refusal to consider the fact that Plaintiff's crime or former conduct had no sexual component and he had absolutely no propensity or likelihood to ever commit a sex crime according to his sentencing judge. See Complaint ¶¶ 4, 9, 11-25, 30, 40. These special sex offender conditions included the tangible burdens of registration with local law enforcement for 20 years. See Complaint ¶¶ 10, 40. Cf. New York Correction Law 168 – 168v. and not limited to the following tangible burdens immediately listed below:

16)    Total sweeping bans on internet use, computer use, social media use, cellular phone use, video and photo equipment, and unique internet identifiers (for anonymous speech). See Complaint ¶¶ 10, 20, 23-24, 36-39, 45, and the chilling effect on Plaintiff's family and friends, and other citizens who would engage in speech with the Plaintiff. See Complaint ¶ ¶ 36-37, is a First and Fourteenth Amendment violation of the U.S. Constitution. As these are all mediums to communicate with on the internet. See Reno v. ACLU, 521 U.S. 844, 870, 117 S.ct 2329 ["the internet allows "any person with a phone line [to] become a town crier with a voice that resonates

farther than it could from any soapbox" and "our cases provide no basis for qualifying the level of First Amendment scrutiny that should be applied to this medium."].

17)     Images, which the photo and video equipment produce is also freedom of speech. See Freespeech coalition, et al., v. Ashcroft, 535 U.S. 234, 122 S.ct 1389 (2001). Thus, these bans upon the Plaintiff by defendants without past conduct or future likelihood of misconduct by the Plaintiff is in violation of the Plaintiff's Freedom of Speech rights.

18)     Total sweeping social media bans have been held to be unconstitutional denials of freedom of speech, as they related to sex offenders, where, as here the laws are not narrowly tailored to serve a compelling governmental interest. See Packingham v. North Carolina ____ U.S. ____, ___ S.ct____. No. 15-1194 (decided June 19, 2017); Doe v. Jindal, 853 F. Supp.2d 596 (M.D. La. 2012); Doe v. Prosecutor, 705 F.3d 694 (7th Cir 2013); Doe v. Nebraska, 898 F.Supp.2d 1086, 1119 (D. Neb 2012). Here Defendants have applied a blanket social media ban not only on the Plaintiff, but every Sex Offender in New York State , and on their caseloads. See Complaint. ¶¶ 1-15.

19)     Any Loss of First Amendment Freedoms … Unquestionably constitutes irreparable injury. Elrod v. Burns, 96 S.ct 2673 (1976).

20)     The related field of Federal Conditions of Supervised release provide a useful framework and are highly instructive here in relation to the total sweeping bans on Plaintiff's internet use, cell phone use, video and photo equipment use, and social media use mandated by his special

sex offender parole conditions which were imposed by defendants J. Lewis-Robinson, D. Jones, Smith, Granum, Yolanda Vazquez, and Anthony Annucci were not, and are not reasonably related to his past conduct, risks of recidivism or future chances of offense. See¶ 4, Complaint Cf. ¶ 10, Complaint.

21)      These Special Sex offender Parole Conditions imposed by the above named Defendants' upon the Plaintiff impose tangible burdens upon the Plaintiff's Liberty Interests in addition to loss of reputation, through Plaintiff's status as a registrant, the duties it continually imposes. See Doe III, 3 F. Supp.2d at 468; David W, 95 N.Y.2d at 138-139. Special conditions of parole must be reasonably related to the Plaintiff's past conduct and designed to prevent recidivism. See Singleton v. Doe, 2014 WL 3110033 at * 3 (e.d.n.y. 2014). Some circuits take a dim view of equivalent parole conditions where there has been no subsequent similar conduct. "the imposition of sex offender conditions is troubling when the underlying sex offender condition is temporally remote. See U.S. v. Webster, 819 F.3d 35, 42 (1st Cir 2016).

22)      Here Plaintiff's designation of 48 plus special sex offender conditions and the duties these conditions impose is not reasonably related to Plaintiff's past conduct and could not have been designed to prevent recidivism. See Singleton, Id. As here the Plaintiff's crime of conviction Kidnapping for ransom – which involve 2 drug related kidnappings – one of which involved the kidnapping of a child under 17, where there was no sexual misconduct, no suggestion of sexual misconduct, no propensity, nor a likelihood to commit a sex offense ever.

23) Here in the case of the Plaintiff without any history or propensity, or future likelihood of sexual misconduct. See¶¶ 4-5, complaint. The dim view of these sex offender conditions is the first logical conclusion. See Webster, 819 F.3d at 42. As to the tangible burdens these special sex offender conditions impose, a parole condition that restricts fundamental rights must be

narrowly tailored to deterring the parolee and protecting the public. See U.S. v. Loy, 237 F.3d 251 (3rd Cir 2000); U.S. v. Meyers, 426 F.3d 117 (N.7) (2nd Cir 2002); U.S. v. Sofsky, 287 F.3d 122, 126 (2nd Cir 2002) [total ban on internet and phone overbroad, case involving parolee who was child pornography recipient]; U.S. v. Holm, 326 F.3d 872, 877-879 ("we find that the extent that the condition is intended to be a total ban on computer and Internet use, it sweeps more broadly and provides a greater deprivation than necessary and thus fails to satisfy the narrow tailoring requirement"); U.S. v. Merk, 425 F.3d 505, 509 (8th Cir 2005) (same).

24)    When the parole conditions imposed and administered by the Defendants [see complaint] provide for total sweeping bans on the Plaintiff's First Amendment freedom of speech they are overbroad, not narrowly tailored to Plaintiff's past conduct or future chance at offenses. See Holm, id; Sofsky, id. Cf. ¶¶ 12-16 above (listing denials of plaintiff's freedom of speech in forms of total bans on internet cellular phone use, social media use, video and photo equipment use, and anonymous speech).

TANGIBLE BURDEN IN VIOLATION OF THE FOURTEENTH AMENDMENT DUE PROCESS– DENIAL IN PRIVACY IN SEXUAL RELATIONSHIPS.

25)    "Stigma-Plus" Loss of reputation see ¶¶ 7-11 above Tangible burdens through special sex offender conditions imposed by the Defendants, and the duties they impose. See ¶¶ 12 above restricting Plaintiff's liberty can be found in his lack of privacy in relationships and privacy in sexual relationships. Special sex offender conditions imposed and administered by the defendants, provides Plaintiff must notify his parole officer of relationships with consenting adults. See complaint¶ 41. See U.S. v. Reeves, 591 F.3d 77, 82-83 (2nd Cir 2010) [holding as

unconstitutionally vague parole condition requiring that parolee convicted of child pornography possession notify probation department when entering in to a significant romantic relationship and to notify his partner of conviction]; See also Lawrence v Texas, 539 U.S. 558 (2003) [Liberty interest to right to privacy in sexual relationships]. See Doe III, id, at 468 [Tangible burden imposed] whereas here Defendant Parole Officer Robinson requested to know the nature of Plaintiff's sexual relationship with his partner. See complaint, ¶¶ 41-42, without due process. Cf. ¶¶ 1- 10 above [ Plaintiff has shown without due process damage to reputation and tangible burdens (Doe, Id), where here the Defendants through special sex offender conditions denied Plaintiff privacy in his sexual relationships.].


TANGIBLE BURDEN IN VIOLATION OF THE FOURTEENTH AMENDMENT DUE PROCESS– RESIDENCY AND EMPLOYMENT RESTRICTIONS.


26) "Stigma-Plus" loss of reputation. See ¶¶ 7-11 above, and tangible burdens imposed through the duties imposed in violation of the due process clause minimum protections. See Doe III, id, at 468, David W, 95 N.Y.2d at 138-139, can be found in Plaintiff's parole condition mandating that Plaintiff cannot live, work, or be within 1,000 feet of SORA's geographic exclusion zones (school grounds). See Complaint ¶ 10. See N.Y. Executive law 259-c (14)(15) "school grounds" and areas accessible to the public" SORA and the NYSDOCCS division of Parole special sex offender parole conditions provides insufficient guidance as to how the 1,000 feet zones should be measured. There is no access to precise land use data and land use is in constant flux. Further adding insult to injury is the fact that all shelters in the city [Plaintiff is forced by the Defendants' and J. Lewis-Robinson currently, to remain in the shelter without sexual crime, or chance of

propensity] are immediately accessible to minority populations, and Willow Men Shelter is directly across the street from a family shelter which houses children. Being that Plaintiff cannot know where these zones are he must over police himself, erring on the side of caution. See Doe v. Snyder, 101 F. Supp3d 672, 682-684 (U.S. D. Mich. 2015) [ 1,000 feet buffer-zones are unconstitutionally vague when they don't give notice of how these zones are determined].

27) Furthermore, employment in these zones is subject to arbitrary enforcement at the discretion of the Parole Officer. See U.S. v. Williams, 535 U.S. 285, 304, 128 S.Ct 1830 (2008). See also Doe v. Strange, 2016 U.S. Dist. Lexis, 35161 (M.D. Ala 2016). Plaintiff cannot engage in his occupational calling of web development. See Conn v. Gabbert, 526 U.S. 286, 291 – 292, 119 S.Ct 1292 (1999). Not being able to use the internet to engage in the field of web development prevents Plaintiff from developing websites and being able to work for web development employers. See Complaint ¶ 44.

TANGIBLE BURDEN IN VIOLATION OF THE FOURTEENTH AMENDMENT DUE PROCESS – DENIAL OF ALL CONTACT WITH FAMILY MEMBERS UNDER 18

28) "stigma-plus" loss of reputation and tangible burdens through the duties imposed on Plaintiff's liberty interests can be found in the special condition which prohibit all contact with minors under 18 years of age (including family members). See Compl. ¶ 44 this is a violation of the Plaintiff's fundamental right to familial association and privacy. As Plaintiff can't attend family functions or reside where family members under 18 years old are present. See Moore v. City of East Cleveland, 431 U.S. 494, 505 ("times of adversity "may require extended family members to "come together to maintain or rebuild a secure home life." It is clear that the

fundamental right to familial association encompasses Plaintiff's desire to reside with extended family members without governmental interference") Moore, 505; Doe v. Strange, 2016 U.S. Dist. Lexis 35161 (M.D. ALA 2016).

TANGIBLE BURDEN IN VIOLATION OF THE FOURTEENTH AMENDMENT DUE PROCESS– DENIAL OF PORNOGRAPHY AND ENTRANCE INTO BOOKSTORES.

29) "Stigma-Plus" loss of reputation and tangible burdens on Plaintiff's liberty interests. See Doe III, 3 F.Supp.2d at 138-139, can be found in the special sex offender conditions which prohibit all forms of pornography and entrance into bookstores. See U.S. v. Loy, 237 F.3d 251, 270 (3rd Cir 2001) [total ban on all pornography for child pornography recipient remanded]. See Complaint ¶¶ 44-45 [Where Plaintiff here is prohibited from all forms of pornography and from entering bookstores.].

# Defendants are not entitled to qualified Immunity

30) Qualified Immunity "provides a broad shield" protecting all government officials from suit except the plainly incompetent or those who knowingly violated the law. See Southerland v. City of New York, 681 F.3d 122, 125 (2nd Cir 2012) [quoting Malley v. Briggs, 475 U.S. 335, 341 (1986)]. Under qualified immunity we must ask whether the state of law at the time of the events in question gave officials "fair warning" that their conduct was unconstitutional, which can occur even in novel factual circumstances. A general constitutional rule already identified in decisional law may apply with obvious clarity to specific conduct in question; even though,

the very action in question has not been held unlawful. See Hope v. Pelzer, 536 U.S. 730 at 741 (2002). Qualified Immunity must be denied when a reasonable official would have known the following were unconstitutional:

A) **Denial of Due Process liberty interest protections – "stigma-plus" damage of reputation with tangible burdens imposed through the impairment associated with a registered sex offender designation**. See e.g. Doe v. Pataki, ("Doe III") 3 F.Supp.2d 456 (S.D.N.Y. 1998); People v. David W, ("David W") 95 N.Y.2d 130 (2000). Doe III, 3 F.Supp.2d at 467 (quoting Paul v. Davis, 424 U.S. 693, 701, 96 S.ct 1155 (1976); See also Crenshaw v. City of New Haven ____ F. Appx ____ , ____, 2016 U.S. App. Lexis 11196, 2016 WL 309658, at * 2 (2nd Cir June 21, 2016) ("**A protectable Liberty Interest may arise in connection with a 'loss of reputation' when coupled with some other Tangible element**." (quoting Valmonte v. Bane, 18 F.3d 992, 999 (2nd Cir 1994)).

B) **Any Loss of First Amendment Freedoms ... Unquestionably constitutes irreparable injury**. Elrod v. Burns, 96 S.ct 2673 (1976). See U.S. v. Loy, 237 F.3d 251 (3rd Cir 2000); U.S. v. Meyers, 426 F.3d 117 (N.7) (2nd Cir 2002); U.S. v. Sofsky, 287 F.3d 122, 126 (2nd Cir 2002) [total ban on internet and phone overbroad, case involving parolee who was child pornography recipient]; U.S. v. Holm, 326 F.3d 872, 877-879 ("**we find that the extent that the condition is intended to be a total ban on computer and Internet use, it sweeps more broadly and provides a greater deprivation than necessary and thus fails to satisfy the narrow tailoring requirement**"); U.S. v. Merk, 425 F.3d 505, 509 (8th Cir 2005) (same). U.S. v. Loy, 237 F.3d 251, 270 (3rd Cir 2001) [total ban on all pornography for child pornography recipient remanded]. **Total**

**sweeping social media bans have been held to be unconstitutional denials of freedom of speech, as they related to sex offenders, where, as here the laws are not narrowly tailored to serve a compelling governmental interest.** See Packingham v. North Carolina ___ U.S. ____, ___ S.ct____. No. 15-1194 (decided June 19, 2017); Doe v. Jindal, 853 F. Supp.2d 596 (M.D. La. 2012); Doe v. Prosecutor, 705 F.3d 694 (7th Cir 2013); Doe v. Nebraska, 898 F.Supp.2d 1086, 1119 (D. Neb 2012). Reno v. ACLU, 521 U.S. 844, 870, 117 S.ct 2329 ["the internet allows "any person with a phone line [to] become a town crier with a voice that resonates farther than it could from any soapbox" and "our cases provide no basis for qualifying the level of First Amendment scrutiny that should be applied to this medium."]. Images, which the photo and video equipment produce is also freedom of speech. See Freespeech coalition, et al., v. Ashcroft, 535 U.S. 234, 122 S.ct 1389 (2001).

C) **fundamental right to familial association and privacy**: As Plaintiff can't attend family functions or reside where family members under 18 years old are present. See Moore v. City of East Cleveland, 431 U.S. 494, 505 ("times of adversity "may require extended family members to "come together to maintain or rebuild a secure home life." It is clear that the fundamental right to familial association encompasses Plaintiff's desire to reside with extended family members without governmental interference") Moore, 505; Doe v. Strange, 2016 U.S. Dist. Lexis 35161 (M.D. ALA 2016).


C) **It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined.** See Doe v. Snyder, 101 F. Supp3d 672, 682-684 (U.S. D. Mich. 2015) [ **1,000 feet buffer-zones are unconstitutionally vague when**

**they don't give notice of how these zones are determined**]. Grayned v. City of Rockford, 408 U.S. 104, 108, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972). **employment in these exclusionary zones is subject to arbitrary enforcement at the discretion of the Parole** Officer. See U.S. v. Williams, 535 U.S. 285, 304, 128 S.Ct 1830 (2008)

D) **Liberty interest to right to privacy in sexual relationships**: U.S. v. Reeves, 591 F.3d 77, 82-83 (2nd Cir 2010) [**holding as unconstitutionally vague parole condition requiring that parolee convicted of child pornography possession notify probation department when entering in to a significant romantic relationship and to notify his partner of conviction**]; See also Lawrence v Texas, 539 U.S. 558 (2003) [**Liberty interest to right to privacy in sexual relationships**].

E) **Denial of being able to engage in one's occupational calling when it is not related to his crime of conduct**. See Conn v. Gabbert, 526 U.S. 286, 291 – 292, 119 S.Ct 1292 (1999).

## Plaintiff Will Suffer Irreparable Harm If the Court Does Not Issue a Preliminary Injunction

31) The loss of constitutionally protected freedoms for even minimal periods of time constitutes irreparable injury. See Elrod v. Burns, 427 U.S. 347, 373 (1976) (plurality opinion); see also I IA Wright & Miller, Fed. Prac. & Proc. 2948.1 (2d ed. 2004) ("When an alleged deprivation of

a constitutional right is involved, most courts hold that no further showing of irreparable injury is necessary").

32) By forcing him to avoid his extended family and friends, restrictions prevent him from having contact with any family members who are under the age of 18, including nieces, nephews, and cousins.  They effectively bar him from all family events with his siblings, parents and large extended family in the District.  They also significantly intrude on his ability to visit the houses of family members, impede his association with most of his close friends, and have required him to avoid the masjid (a place where he exercises his Islamic religious rights).

e.g., United States v. Reeves, 591 F.3d 77, 82 (2d Cir. 2010) (explaining why sex offender condition that interferes with familial or similar associational rights was an unjustifiable deprivation of liberty). Live in a shelter (when he has other living alternatives, and the shelter is an extended version of prison, this does not benefit the public interest limiting his re-entry into society and promotion of his rehabilitation., limiting his access to information (through denial of cellular phone, computer, internet, video, camera equipment, and entrance into bookstores), submit to intrusive questioning regarding his sexual history. Therefore, by forestalling imposition of the challenged conditions unless and until it is determined, through adequate process, that they are necessary, the injunction will benefit the public.

## An Injunction Will Not Harm Other Parties. Instead, It Will Serve the Public Interest.

33) Moreover, when important liberty interests are at issue, the public benefits from adequate procedures that produce accurate results. Lassiter v. Dep't of Social Services, 452 U.S. 18, 28 (1981) (noting that a contested hearing prior to deprivation serves both the government and the parent because the government "shares the parent's interest in an accurate and just decision"). Therefore, by forestalling imposition of the challenged conditions unless and until it is determined, through adequate process, that they are necessary, the injunction will benefit the public. See Goings v. Csosa, 1:11-cv-00501, (D. D.C. 2011) [Sex Offender who was given no process before imposition of probation sex offender conditions preliminary injunction granted].

## CONCLUSION

For the reasons stated above, the Court must grant Plaintiff's motion and issue a preliminary injunction and TRO prohibiting and ordering the Defendants, their agents, officers, and employees to refrain from enforcing any of the challenged conditions, pending adjudication of this matter on the merits.

Respectfully submitted,

X _Eqn_

Equan Yunus, a.k.a. Damon Vincent, Pro Se
2068 Daly Ave, Apt # 4-A
Bronx, NY 10460

Date: January 22, 2018

IN THE U.S. DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK   X

EQUAN YUNUS, a.k.a. DAMON VINCENT

-Plaintiff                    17-Cv-5839 (AJN)(BCM)


            Vs.                              Description: PI/TRO

J. LEWIS-ROBINSON, ET AL.,

            -Defendants          request for hearing within 14 days
                                          X
_____

## PLAINTIFF'S NOTICE OF MOTION FOR PRELIMINARY INJUNCTION/TRO


PLEASE TAKE NOTICE that upon the Declaration of the Plaintiff, accompanying

Memorandum of Law in Support of Plaintiff's Motion for Preliminary Injunction/TRO

dated: _January 22_ , 2018, and all other prior pleadings and proceedings

herein, The Plaintiff Equan Yunus a.k.a Damon Vincent will move this Court pursuant to

Rule 65 of the Federal Rules of Civil Procedure, for a Preliminary Injunction/TRO and

for such further relief as this Court deems just and proper.


PLEASE TAKE FURTHER NOTICE that, any opposing affidavits and answering
memoranda shall be served within fourteen days after service of these moving papers.

                              Respectfully Submitted,

Date: _January 22, 2018_      X _Equan Yunus_

                              Equan Yunus a.k.a. Damon Vincent, Pro Se

                              2068 Daly Ave, Apt# 4-A

                              Bronx, NY 10460

**CERTIFICATE OF SERVICE**

**YUNUS V. LEWIS-ROBINSON, ET AL.,**

**17-CV-5839(AJN)(BCM)**

**(S.D.N.Y.)**


I Equan Yunus a.k.a Damon Vincent Do declare under penalty of perjury the following is true and correct:

1) That on the _2 2_ day of _January_____, 2018 I did in fact mail by U.S. Mail (1) Notice of Plaintiff's Motion for Preliminary Injunction/TRO, One (1) Memorandum of Law in support Plaintiff's Motion for Preliminary Injunction/TRO, One (1) Declaration in Support of Plaintiff's Motion for Preliminary Injunction/TRO by Placing such in the box marked U.S. mail, and personally served a copy upon the following parties:

Pro Se Clerk, U.S. District Court, Southern District of New York, 500 Pearl Street, Room 230, New York, NY 10007.

And electronically by email to the following party:

Amanda.Shoffel@ag.ny.gov

Amanda C. Shoffel, Assistant Attorney General, of Counsel

ERIC T. SCHNEIDERMAN, Attorney General of the, State of New York, Attorney for State Defendants,

120 Broadway – 24th Floor, New York, New York 10271-0332, (212) 416-6035


(SWORN) I DO DECLARE UNDER PENALTY OF (SWORN) I DO DECLARE UNDER PENALTY OF PERJURY THE FOREGOING IS TRUE AND CORRECT. 28 U.S.C. 1746

Respectfully submitted,

DATE: _January 22, 2018_

X _____

Equan Yunus, a.k.a. Damon Vincent, Pro Se

2068 Daly Ave, Apt # 4-A

Bronx, NY 10460

IN THE U.S. DISTRICT COURT FOR
<u>THE SOUTHERN DISTRICT OF NEW YORK</u>   X

EQUAN YUNUS, a.k.a. DAMON VINCENT

              -Plaintiff                   17-Cv-5839 (AJN)(BCM)

          Vs.                          Description: PI/TRO

J. LEWIS-ROBINSON, ET AL.,

                -Defendants      request for hearing within 14 days

_____   X

### [PROPOSED] ORDER GRANTING
### MOTION FOR PRELIMINARY INJUNCTION

This matter having come before the Court on Plaintiff on Motion for Preliminary Injunction

[Dkt. #_____], and this Court having reviewed the pleadings and heard arguments from counsel,

the Court hereby **GRANTS** Plaintiffs' Motion for Preliminary Injunction/ TRO.


The Plaintiff without history or any future propensity for sexual misconduct has satisfied all of

the requirements for preliminary injunctive relief. In particular, the Plaintiff has demonstrated

that he is substantially likely to succeed in proving that Defendants violated his Fourteenth

Amendment right to procedural due process and liberty interests by imposing all of the

challenged special sex offender parole conditions "stigma-plus" without proof of legitimate need.

Defendants have not provided Plaintiff any process at all, the Defendants have also denied

Plaintiff the First Amendment right to Freedom of speech in denials of cellular phone usage, the

internet, video and photo equipment, pornography and denial of entrance into bookstores, due

process violations in unconstitutionally vague residency restrictions, fundamental rights to

familial relationships, rights to privacy in sexual relationships. Plaintiff has demonstrated that,

without relief, he and other individuals under S.O.R.A would suffer substantial, irreparable harm and have no adequate remedy at law. The public interest favors an injunction, as the public interest always favors the enforcement of constitutional and civil rights, and the Defendants have numerous other means available to achieve their stated policy goals.

Accordingly, the substantive requirements imposed by New York State's Sex Offender laws and Special Sex offender Parole conditions deny Plaintiff the U.S. Constitution's guarantees pursuant to the due process clause and First Amendment freedom of speech, thePlaintiff be provided with fundamental and procedural due process rights and liberty and any enforcement of said requirements by the Defendants, their agents, officers, and employees; when not reasonably related to public goals, plaintiff's past and future chances of recidivism are hereby **PROHIBITED AND ENJOINED**.

It is so **ORDERED**, this _____ day of              , 2018.

_____
Hon. Barbara C. Moses, U.S.D.J.