UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
EQUAN YUNUS,                                                      :
                                                                 :
                            Plaintiff,                           :
                                                                 :
              - against -                                        :        17-CV-5839 (AJN)(BCM)
                                                                 :
PAROLE OFFICER JOAN LEWIS-ROBINSON, et. al.,                     :
                                                                 :
                                                                 :
                            Defendants.                          :
                                                                 :
------------------------------------------------------------------------ X


**MEMORANDUM OF LAW IN SUPPORT OF THE STATE DEFENDANTS'
MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**


                                    ERIC T. SCHNEIDERMAN
                                    Attorney General of the
                                     State of New York
                                    <u>Attorney for State Defendants</u>
                                    120 Broadway – 24th Floor
                                    New York, New York 10271-0332
                                    (212) 416-6035


Amanda C. Shoffel
Assistant Attorney General
  <u>of Counsel</u>

# TABLE OF CONTENTS

**Page**

Table of Authorities ............................................................................................... iii

PRELIMINARY STATEMENT ................................................................................1

STATEMENT OF FACTS .........................................................................................3

STANDARDS FOR RULE 12(b)(1) AND 12(b)(6) MOTIONS ...............................5

ARGUMENT ..............................................................................................................5

POINT I          PLAINTIFF'S CLAIMS ARE BARRED BY ROOKER-FELDMAN ..................5

POINT II         PLAINTIFF'S PROCEDURAL DUE PROCESS CLAIM FAILS AS A
                 MATTER OF LAW ...........................................................................7

  A. Plaintiff Fails to State a Liberty Interest ....................................................7
  B. Plaintiff Received All The Process That Was Due In Any Event .......................8

POINT III        PLAINTIFF'S SUBSTANTIVE DUE PROCESS CLAIM FAILS AS A
                 MATTER OF LAW ...........................................................................9

POINT IV         PLAINTIFF'S DUE PROCESS VAGUENESS CHALLENGE FAILS AS
                 A MATTER OF LAW .......................................................................10

POINT V          PLAINTIFF'S CHALLENGES TO INDIVIDUAL PAROLE CONDITIONS
                 ALL FAIL AS A MATTER OF LAW ...................................................13

  A. Plaintiff's First Amendment Claim Concerning Cell Phone And Computer
     Restrictions Fails As A Matter Of Law ....................................................13
  B. Plaintiff's Substantive Due Process Claim Concerning Restrictions On Contact
     With Underage Extended Family Members Fails.........................................15
  C. Plaintiff's Conclusory Challenge Alleging That Almost All Other Conditions Of
     His Parole Are Arbitrary And Capricious Fails As A Matter Of Law..............16

POINT VI         ALL PLAINTIFF'S CLAIMS FOR DAMAGES FAIL FOR THE
                 ADDITIONAL REASON THAT DEFENDANTS, AT A MINIMUM,
                 ARE ENTITLED TO QUALIFIED IMMUNITY..................................17

POINT VII        ALMOST ALL PLAINTIFF'S CLAIMS FOR INJUNCTIVE RELIEF ARE
                 LIKELY TO BE MOOTED IN THE NEAR FUTURE .......................20

i

POINT VIII   PLAINTIFF'S CLAIMS FOR DAMAGES AGAINST STATE OFFICIALS
IN THEIR OFFICIAL CAPACITIES ARE BARRED BY THE ELEVENTH
AMENDMENT....................................................................................................21

CONCLUSION.............................................................................................................................22

# TABLE OF AUTHORITIES

**Case**                                                                                            **Page(s)**

ACLU of N.M. v. City of Albuquerque,
    139 N.M. 761 (Ct. App. 2006)......................................................................................12

Ashcroft v. Iqbal,
    556 U.S. 662 (2009)......................................................................................................5

Bellet v. City of Buffalo,
    No. 03 Civ. 27S, 2009 WL 2930464 (W.D.N.Y. Sept. 11, 2009) ............................15

Birzon v. King,
    469 F.2d 1241 (2d Cir. 1972)......................................................................................19

Boddie v. Chung,
    No. 09 Civ. 04789, 2011 U.S. Dist. LEXIS 48256 (E.D.N.Y. May 4, 2011).........13

Bulles v. Hershman,
    No. 07-2889, 2009 U.S. Dist. LEXIS 12815 (E.D. Pa. Feb. 19, 2009) ...................12

Cleveland v. Caplaw Enter.,
    448 F.3d 518 (2d Cir. 2006).........................................................................................5

Connecticut Dep't of Public Safety v. Doe,
    538 U.S. 1 (2003)...........................................................................................................8

Coollick v. Hughes,
    699 F.3d 211 (2d Cir. 2012)........................................................................................19

Davidson v. David,
    No. 06 Civ. 7676, 2008 WL 5111289 (S.D.N.Y. Aug. 4, 2008) ............................21

DiFolco v. MSNBC Cable L.L.C.,
    622 F.3d 104 (2d Cir. 2010).........................................................................................5

District of Columbia Ct. of Apps. v. Feldman,
    460 U.S. 462 (1983).......................................................................................................6

Doe v. Baker,
    No. 05 Civ. 2265, 2006 U.S. Dist. LEXIS 67925 (N.D. Ga. Apr. 6, 2006) ............12

Doe v. Cooper,
    148 F. Supp. 3d 477 (M.D.N.C. 2015) ......................................................................11

Doe v. Cuomo,
    755 F.3d 105 (2d Cir. 2014).....................................................................................2, 8

iii

Doe v. Lima,
   270 F. Supp. 3d 684 (S.D.N.Y. 2017)..................................................................15

Doe v. Miller,
   405 F.3d 700 (8th Cir. 2005) ...............................................................................11

Duarte v. City of Lewisville,
   136 F. Supp. 3d 752 (E.D. Tex. 2015)..................................................................11

Estate of Devine v. Fusaro,
   676 F. App'x 61 (2d Cir. 2017) ............................................................................18

Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,
   544 U.S. 280 (2005)................................................................................................6

Farrell v. Burke,
   449 F.3d 470 (2d Cir. 2006)..................................................................................14

Filetech S.A. v. France Telecom S.A.,
   157 F.3d 922 (2d Cir. 1998)...................................................................................5

Fowlkes v. Parker,
   No. 08 Civ. 1198, 2010 WL 5490739 (N.D.N.Y. Dec. 9, 2010), R&R adopted,
   2011 WL 13726 (N.D.N.Y. Jan 4, 2011) ...............................................................9

Gautier v. Jones,
   No. 08 Civ. 445, 2009 U.S. Dist. LEXIS 43052 (W.D. Okla. May 20, 2009),
   rev'd on other grounds, 364 F. App'x 422 (10th Cir. 2010).................................12

Gentner v. Shulman,
   55 F.3d 87 (2d Cir. 1995)........................................................................................6

Gerena v. Rodriguez,
   192 A.D.2d 606 (1993) .........................................................................................17

Gonzalez v. City of Schenectady,
   728 F.3d 149 (2d Cir. 2013)..................................................................................18

Gunst v. Seaga,
   No. 05 Civ. 2626, 2007 WL 1032265 (S.D.N.Y. March 30, 2007).........................5

Hafer v. Melo,
   502 U.S. 21 (1991)................................................................................................21

Harlow v. Fitzgerald,
   457 U.S. 800 (1982)..............................................................................................17

Hoblock v. Albany County Bd. of Elections,
  422 F.3d 77 (2d Cir. 2005)..................................................................................6

J.R. ex rel. Blanchard v. City of N.Y.,
  No. 11 Civ. 841, 2012 WL 5932816 (E.D.N.Y. 2012) ...........................................7

Lawrence v. Texas,
  539 U.S. 558 (2003) (O'Connor, J., concurring) ...................................................12

Luckett v. Bure,
  290 F.3d 493 (2d Cir. 2002)................................................................................5

Makarova v. United States,
  201 F.3d 110 (2d Cir. 2000)................................................................................5

Maldonado v. Fischer,
  No. 11 Civ. 1091, 2013 U.S. Dist. LEXIS 141488 (W.D.N.Y. Sept. 30, 2013).....................13

Maldonado v. Fischer,
  No. 11 Civ. 1091, 2013 WL 5487429 (W.D.N.Y. Sept. 30, 2013) ...................................16, 20

Malik v. Meissner,
  82 F.3d 560 (2d Cir. 1996)..................................................................................5

Martin–Trigona v. Shiff,
  702 F.2d 380 (2d Cir.1983)................................................................................21

Moore v. Andreno,
  505 F.3d 203 (2d Cir. 2007)..............................................................................18

Moore v. Vega,
  371 F.3d 110 (2d Cir. 2004)..............................................................................18

Morrissey v. Brewer,
  408 U.S. 471 (1972) ........................................................................................13

Packingham v. North Carolina,
  137 S. Ct. 1730 (2017)....................................................................................14

Pearson v. Callahan,
  555 U.S. 223 (2009)..................................................................................... 17-18

Pena v. Travis,
  No. 01 Civ 8534, 2002 WL 31886175 (S.D.N.Y. Dec. 27, 2002)...................................13, 16

Pennhurst Interstate Sch. & Hosp. v. Halderman,
  465 U.S. 89 (1984)..........................................................................................21

People v. Covington,
    No. 18-09005, 2018 WL 846532 (N.Y. Sup., Westchester Cty. Feb. 9, 2018) ........................9

People v. Knox,
    12 N.Y.3d 60, 903 N.E.2d 1149 (N.Y. 2009) ..........................................................2, 3, 9, 10, 19

People v. Leroy,
    357 Ill. App. 3d 530 (App. Ct. 5th Dist. 2005) ......................................................................12

People v. Mingo,
    12 N.Y.3d 563 (2009) ...............................................................................................................3

People v. Morgan,
    377 Ill. App. 3d 821 (App. Ct. 3d Dist. 2007) ......................................................................12

People v. Robbins,
    5 N.Y.3d 556 (2005) ...........................................................................................................2, 11

People v. Taylor,
    42 A.D.3d 13 (2007) .................................................................................................................9

Reichle v. Howards,
    566 U.S. 658 (2012) ........................................................................................................... 18-19

Rivera v. Marcus,
    696 F.2d 1016 (2d Cir.1982) ..................................................................................................15

Rooker v. Fidelity Trust Co.,
    263 U.S. 413 (1923) ..................................................................................................................6

Saucier v. Katz,
    533 U.S. 194 (2001) ................................................................................................................18

Shaw v. Patton,
    823 F.3d 556 (10th Cir. 2016) ...............................................................................................11

Shipping Fin. Serv. Corp. v. Drakos,
    140 F.3d 129 (2d Cir. 1998) .....................................................................................................5

State v. Seering,
    701 N.W.2d 655 (Iowa 2005) .................................................................................................12

Taravella v. Town of Wolcott,
    599 F.3d 129 (2d Cir. 2010) ...................................................................................................18

Trisvan v. Annucci,
    284 F. Supp. 3d 288 (E.D.N.Y. 2018) ...................................................................................17

Trotman v. Palisades Interstate Park Comm'n,
   557 F.2d 35 (2d Cir. 1977)..................................................................................21

United States v. Gallo,
   20 F.3d 7 (1st Cir.1994).....................................................................................10

United States v. Johnson,
   446 F.3d 272 (2d Cir. 2006)....................................................................10, 14, 16

United States v. Juvenile Male,
   564 U.S. 932 (2011)..........................................................................................20

United States v. MacMillen,
   544 F.3d 71 (2d Cir. 2008).................................................................................12

United States v. Myers,
   426 F.3d 117 (2d Cir. 2005)...............................................................................15

United States v. Peterson,
   248 F.3d 79 (2d Cir. 2001).................................................................................14

United States v. Reeves,
   591 F.3d 77 (2d Cir. 2010).................................................................................12

United States v. Simmons,
   343 F.3d 72 (2d Cir.2003).................................................................................10

Valentine v. Strickland,
   No. 08 Civ. 00993, 2009 U.S. Dist. LEXIS 132562 (N.D. Ohio Aug. 19,
   2009) ...............................................................................................................11

Vann v. State,
   143 So. 3d 850 (Ala. Crim. App. 2013) ...............................................................11

Vargas v. City of N.Y.,
   377 F.3d 200 (2d Cir. 2004)..................................................................................6

Vega v. Lantz,
   596 F.3d 77 (2d Cir. 2010)...................................................................................7

Weems v. Little Rock Police Dep't,
   453 F.3d 1010 (8th Cir. 2006) .............................................................................11

White v. Pauly,
   137 S. Ct. 548 (2017)........................................................................................18

White v. White,
   No. 12 Civ. 200, 2012 WL 3041660 (S.D.N.Y. July 20, 2012) ...............................7

Williams v. New York State Div. of Parole,
    71 A.D.3d 524 (2010) ...........................................................16

Woe v. Spitzer,
    571 F. Supp. 2d 382 (E.D.N.Y. 2008) ....................................9

Younger v. Harris,
    401 U.S. 37 (1971)................................................................21

## UNITED STATES CONSTITUTION

First Amendment ..........................................................................14, 15

Eleventh Amendment.....................................................................3, 21

U.S. Const.
    Article III ...............................................................................20
    Art. III, § 2, cl. 1 ....................................................................20

## FEDERAL STATUTES

42 U.S.C.
    § 1983....................................................................................1, 7

## FEDERAL RULES

Federal Rules of Civil Procedure
    12(b)(1) .................................................................................1, 5
    12(b)(6) .................................................................................1, 5

## STATE STATUTES

N.Y. Corr. L.
    § 168......................................................................................4, 6
    § 168-a...................................................................................1
    § 168–h...................................................................................3
    § 168–i....................................................................................3
    § 168–j....................................................................................3

N.Y. Exec. L.
    § 259–c(14) ...........................................................................4, 6, 11
    § 259–c(15) ...........................................................................4, 6, 14, 20

N.Y. Penal L.
    § 135......................................................................................14
    § 135.20.................................................................................8
    § 220.00 (14)..........................................................................11
    § 220.00(14)(a-b) ...................................................................11

N.Y.'s Sex Offender Registration Act (SORA).....................................................................passim

**STATE REGULATIONS**

9 N.Y.C.R.R.
    § 8003.3...............................................................................................................................4

**MISCELLANEOUS AUTHORITIES**

15 James Wm. Moore, et al., Moore's Federal Practice § 101.9 (3d ed. 2011).............................20

Oxford Living English Dictionary,
    https://en.oxforddictionaries.com/definition/consenting_adult ...............................................12

## PRELIMINARY STATEMENT

Defendants Parole Officer Yolanda Vazquez, Parole Officer Joan Lewis-Robinson, Bureau Chief Derek Jones, Senior Parole Officer Denise Grannum, Senior Parole Officer Rodney Smith and Acting Commissioner Anthony Annucci (together, the "State Defendants")[1] by their attorney, Eric T. Schneiderman, Attorney General for the State of New York, respectfully submit this memorandum of law in support of their motion to dismiss Plaintiff's Second Amended Complaint ("SAC") in its entirety and with prejudice pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 ("Section 1983") alleging the special parole conditions imposed as a result of his guilty plea for kidnapping a minor are unconstitutional. Pursuant to New York Correction Law § 168-a, a conviction for kidnapping involving a child under the age of 17 requires mandatory sex offender registration under New York's Sex Offender Registration Act ("SORA"). Am. Compl. ¶ 24. During Plaintiff's SORA proceedings, Judge Obus of the New York State Supreme Court designated Plaintiff as a "Level One" sex offender who required substantial post-release supervision including mandatory residency restrictions. Am. Compl. ¶ 30, Ex. A. Plaintiff now challenges this determination by arguing the New York State Department of Corrections and Community Supervision ("DOCCS") cannot apply special conditions to his parole terms. The Court should dismiss his claims in their entirety for multiple reasons.

First, Plaintiff's procedural due process claim fails to allege a liberty interest under the "stigma-plus" theory, because the statement that Plaintiff was convicted of a crime designated as a sex offense is <u>true</u>. In any event, he received two full-blown court proceedings to challenge this

---

[1] Rodney Young and Governor Cuomo have not yet been served.

designation.  The Second Circuit has specifically held that no further process is necessary in this context.[2]  Plaintiff's substantive due process claim is similarly infirm.  The state criminal court presiding over his sentencing determined that application of the SORA registration requirement to Plaintiff was constitutional despite the court's belief that it was unlikely that Plaintiff would commit a sex offense in the future, and under Rooker-Feldman he cannot bring a collateral challenge to that court's determination.  And he cannot demonstrate the Legislature had no rational basis to include the crime of kidnapping a minor as a designated offense to which SORA applies, particularly given that the New York Court of Appeals has held otherwise.[3]

Plaintiff's challenge to specific parole conditions are generally not subject to judicial review, and, regardless, they all fail.  His claim that the 1,000 foot school residency restriction is unconstitutionally vague is without support, because the Court of Appeals has provided clear guidance that the proper method of measurement under the statute is the "straight-line" from, "the boundaries of school grounds outward."[4] Similarly, the parole condition that prohibits him from being within three hundred feet of places where children congregate, enumerated by a list, clearly articulates boundaries and locations which he may not enter. Nor are the special conditions that limit his use of a cell phone, computer, social media, contact with minors, or vehicle use arbitrary or capricious. Plaintiff has access to both a phone and a computer.  The restrictions on his contact with minors and use of a vehicle are reasonably related to the underlying crime, which was a kidnapping of a minor across state lines perpetrated with a vehicle. Finally, he has failed to allege any facts which state a plausible claim as to why the remaining conditions are arbitrary and capricious.

---

[2] Doe v. Cuomo, 755 F.3d 105, 113 (2d Cir. 2014).
[3] People v. Knox, 12 N.Y.3d 60, 64 (N.Y. 2009).
[4] People v. Robbins, 5 N.Y.3d 556, 559 (2005).

Even if Plaintiff could establish a constitutional violation, defendants are entitled to qualified immunity because it was objectively reasonable to believe that their conduct in imposing special parole conditions pursuant to a presumptively constitutional state statute was not unconstitutional. Plaintiff's claims for injunctive relief will likely become moot because Plaintiff has been charged with a parole violation, and if his parole is revoked he would no longer be subject to the conditions.  Finally, all Defendants are entitled to sovereign immunity under the Eleventh Amendment with respect to all claims for damages in their official capacities.  For these reasons, the Court should dismiss Plaintiff's claims.

## STATEMENT OF FACTS

In 2002, Plaintiff Equan Yunus, alias Damon Vincent, pled guilty to kidnapping-for-ransom.  Am Compl.  ¶ 22.  Because Plaintiff pled guilty to the crime of kidnapping a victim under the age of 17 who was not his child, he was statutorily classified as a sex offender, subject to the Sex Offender Registration Act (SORA).  Id. ¶ 24. Plaintiff was sentenced by The Honorable Michael Obus in the New York Supreme Court in exchange for a sentence of eighteen years in prison.  Id. ¶ 22, 32. SORA provides a detailed scheme of registration and community notification, with each sex offender's obligations originating from his designated risk level within a three-tiered classification scheme after a hearing. See Correction Law §§ 168–h, 168–i, 168–j; People v. Mingo, 12 N.Y.3d 563, 570–571 (2009).

On June 24, 2016, Plaintiff appeared before Judge Obus for his SORA hearing.  Am Compl. ¶ 30.  While Plaintiff argued that he should be assigned Level One, the lowest risk designation, because there was no sexual component to the underlying criminal offense and no history of sexual misconduct, the Court nonetheless considered the constitutional application of SORA in this context.  Am. Compl. Exhibit A, at 5:12-22.  In support of his argument, Plaintiff submitted for

the Court's review People v. Knox, 12 N.Y. 3d 60, 903 N.E.2d 1149 (2009).  Judge Obus noted that the Court of Appeals clearly held the sex offender registration for defendants convicted of kidnapping was constitutional. Id. In imposing a Level One designation, Judge Obus noted that although there was a low likelihood of recidivism, "a level one assessment will still involve substantial oversight of the Defendant, along with the post-release supervision oversight that will be required … " Id., 22:17.

As a convicted sex offender, plaintiff is subject to both statutory parole conditions under SORA and those imposed by the Board of Parole. Currently, he is under the supervision of Parole Officer Joan Lewis-Robinson who is responsible for implementing all of the parole conditions. Am Compl. ¶ 68. Statutorily imposed conditions require that plaintiff register as a sex offender with law enforcement and provide the public with access to his identity and whereabouts. See N.Y. Corr. L. § 168, et seq.  He must live 1,000 feet away from a school and comply with restrictions on internet use including social networking sites and pornography. N.Y. Exec. Law § 259–c(14) & (15).

Plaintiff is also subject to special parole conditions pursuant to the Board of Parole's authority under 9 N.Y.C.R.R. § 8003.3, which he received upon his release.  Plaintiff is not permitted to visit with members of his family who are minors- specifically, his nieces, nephews, and cousins. Am Compl. ¶ 93. Plaintiff also has restricted access to a cell phone and computer; he must receive permission to drive or own a private vehicle, and he is obligated to disclose information pertaining to his offender status to persons with whom he enters into an intimate relationship. Am Compl. ¶ 81, 119, 125. Plaintiff is free to request modifications to the terms of his parole, which Officer Lewis-Robinson considers on a case by case basis. Am Compl. ¶ 85, 87.

## STANDARDS FOR RULE 12(b)(1) AND 12(b)(6) MOTIONS

"A case is properly dismissed for lack of subject matter jurisdiction under [Federal] Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). A plaintiff opposing a Rule 12(b)(1) motion "has the burden of proving by a preponderance of the evidence that [subject matter jurisdiction] exists." Id.; see also Luckett v. Bure, 290 F.3d 493, 497 (2d Cir. 2002); Malik v. Meissner, 82 F.3d 560, 562 (2d Cir. 1996). "[J]urisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." Gunst v. Seaga, No. 05 Civ. 2626, 2007 WL 1032265, at *2 (S.D.N.Y. March 30, 2007) (quoting Shipping Fin. Serv. Corp. v. Drakos, 140 F.3d 129 (2d Cir. 1998)). The Court may go outside the pleadings to resolve disputed fact issues on a 12(b)(1) motion. Makarova, 201 F.3d at 113; Filetech S.A. v. France Telecom S.A., 157 F.3d 922, 932 (2d Cir. 1998).

On a Federal Rule 12(b)(6) motion to dismiss a complaint for failure to state a claim, courts "accept all factual allegations as true, and draw all reasonable inferences in the plaintiff's favor." DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 110-11 (2d Cir. 2010); Cleveland v. Caplaw Enter., 448 F.3d 518, 521 (2d Cir. 2006). After setting aside any legal conclusions and conclusory factual allegations in the complaint, which are given no weight, a court is to determine whether the remaining well-pled facts in the complaint set forth a claim for relief "that is plausible on its face." DiFolco, 622 F.3d at 111 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

## ARGUMENT

### POINT I

### PLAINTIFF'S CLAIMS ARE BARRED BY ROOKER-FELDMAN

This Court lacks subject matter jurisdiction over Plaintiff's challenges to his sex offender

5

registration and associated parole conditions under the Rooker-Feldman doctrine, which precludes federal district courts from reviewing state court judgments. See District of Columbia Ct. of Apps. v. Feldman, 460 U.S. 462, 482-86 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). This includes a prohibition on the resolution of "issues that are 'inextricably intertwined' with earlier state court determinations." Vargas v. City of N.Y., 377 F.3d 200, 205 (2d Cir. 2004). Under this doctrine, "federal district courts lack jurisdiction to review state court decisions whether final or interlocutory in nature." Gentner v. Shulman, 55 F.3d 87, 89 (2d Cir. 1995).

The Rooker-Feldman doctrine precludes a claim where "[t]he federal-court Plaintiff (1) lost in state court, (2) complains of injuries caused by the state-court judgment, (3) invites the district court to review and reject the state court judgment, and (4) commenced the district court proceedings after the state-court judgment was rendered." Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005). See also Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280 (2005).

Here, the state court necessarily, and actually, determined that application of the SORA registration requirement to Plaintiff was constitutional despite the court's belief that it was unlikely that Plaintiff would commit a sex offense in the future, (SAC, Ex. A), and Plaintiff's avenue for review of that determination was through an appeal or Article 78 proceeding in state court, with federal review through an eventual petition for certiorari to the United States Supreme Court, not through this collateral challenge to the state court's determination. Similarly, the special conditions which Plaintiff now challenges in this action are generally statutory requirements imposed by, and flowing directly from, his criminal conviction for a crime designated a sex offense under state law. See N.Y. Corr. L. § 168, et. seq.; N.Y. Exec. L. § 259-c(14) & (15).

In sum, for Plaintiff to recover on his Section 1983 claims here, this Court would need to review and reject his state court conviction of a crime designated a sex offense and his state court adjudication as a Level One sex offender and the parole conditions imposed thereunder.  Plaintiff seeks to have this Court review issues that are "inextricably intertwined" with these earlier state court determinations, and his claims are thus barred by the <u>Rooker-Feldman</u> doctrine, and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).  <u>See</u>, <u>J.R. ex rel. Blanchard v. City of N.Y.</u>, No. 11 Civ. 841, 2012 WL 5932816, at *6–7 (E.D.N.Y. 2012) ("[T]he injuries for which [the Plaintiff] seeks to recover in her section 1983 claim against the City Defendants emanate only from the state-court judgment. Thus, her section 1983 claim is not 'independent' for purposes of the <u>Rooker–Feldman</u> doctrine and this court is barred from considering its merits."); <u>White v. White</u>, No. 12 Civ. 200, 2012 WL 3041660, at *13–14 (S.D.N.Y. July 20, 2012) (finding that the state court decision was the real cause of the Plaintiff's injury and therefore the federal district court lacked jurisdiction over the matter).

**POINT II**

**PLAINTIFF'S PROCEDURAL DUE PROCESS
CLAIM FAILS AS A MATTER OF LAW**

**A.**     <u>**Plaintiff Fails to State a Liberty Interest**</u>

Plaintiff's procedural due process claim alleges his designation as a sex offender has caused him reputational injury, SAC, First Claim For Relief, ¶ 141, under the theory that this constitutes a liberty interest under a stigma-plus theory of defamation. But the purportedly defamatory statement, that Plaintiff was convicted of an offense that is designated under SORA to require registration as a sex offender with attendant restrictions, is <u>true</u>. The Second Circuit has directly held that there is no liberty interest implicated when a plaintiff has <u>correctly</u> been required to register as a sex offender under the pertinent state law. <u>Vega v. Lantz</u>, 596 F.3d 77, 82 (2d Cir.

7

2010) (although misclassification as a sex offender may result in stigma, "this possibility is of no particular assistance to [plaintiff] because he has not established a threshold requirement—the existence of a reputation-tarnishing statement that is <u>false.</u>") (emphasis in original).

**B.      Plaintiff Received All The Process That Was Due In Any Event**

Assuming <u>arguendo</u>, and incorrectly, that Plaintiff had sufficiently alleged a liberty interest, he still has been afforded all the process mandated under the Due Process Clause. Plaintiff, represented by counsel, participated in two separate full-blown adversarial proceedings in state court leading up to his Level One sex offender designation: the criminal process in which he was convicted of a SORA-covered crime, and the post-conviction, pre-release SORA hearing. And, as Plaintiff himself acknowledged, Pl. Mot. for Preliminary Injunction at 11, the Supreme Court has held in <u>Connecticut Dep't of Public Safety v. Doe</u>, 538 U.S. 1, 8 (2003), that "where relevant state law deemed a person a sex offender by virtue of his conviction of sex-related crime – irrespective of dangerousness – the process attendant to the criminal conviction was sufficient to satisfy procedural due process." <u>Doe</u>, 538 U.S. at 8. Plaintiff was convicted of kidnapping a minor, which, as in <u>Doe</u>, "the relevant state law" has expressly designated to be a sex offense subject to SORA.[5] New York Penal Law § 135.20.

The Second Circuit has directly rejected the claim that a parolee is somehow entitled to a <u>third</u> judicial hearing to determine whether or not he should be deemed a sex offender. In <u>Doe v. Cuomo</u>, 755 F.3d 105, 113 (2d Cir. 2014), the Second Circuit held that the hearing demanded by Plaintiff here was <u>not</u> required by the Due Process Clause: "the mere fact of conviction of certain sex offenses justifies the imposition of SORA's registration, notification, and other restrictions. … All of the facts necessary to conclude that SORA restrictions apply to [plaintiff] are therefore

---

[5] Plaintiff's allegation that the Legislature's inclusion of kidnapping a minor as a crime subject to SORA was irrational and violates <u>substantive</u> due process is similarly meritless. <u>See</u> Points I, III, <u>infra</u>.

known and unchallenged. There is no inquiry left to be made and no reason to require elaborate procedures to make it." Accord, e.g., Fowlkes v. Parker, No. 08 Civ. 1198, 2010 WL 5490739 (N.D.N.Y. Dec. 9, 2010), R&R adopted, 2011 WL 13726 (N.D.N.Y. Jan 4, 2011). See also Woe v. Spitzer, 571 F. Supp. 2d 382, 389 (E.D.N.Y. 2008) ("it is clear that the procedural amendments to SORA … provide Plaintiff with all of the process that is due in connection with the determination of the risk level to be assigned").

## POINT III

### PLAINTIFF'S SUBSTANTIVE DUE PROCESS
### CLAIM FAILS AS A MATTER OF LAW

Plaintiff's substantive due process claim (Second Claim For Relief) is similarly meritless. Plaintiff claims that there is no rational relationship between the challenged legislation and a legitimate legislative purpose. SAC ¶¶ 146-150. The New York Court of Appeals held the contrary in People v. Knox, 12 N.Y.3d 60, 64 (N.Y. 2009):

> In deciding not to exclude defendants and others similarly situated from the category of "sex offenders," the Legislature could have considered not only that cases where the term is unmerited are few, but also that the process of separating those cases from the majority in which it is justified is difficult, cumbersome and prone to error. It could rationally have found that the administrative burden, and the risk that some dangerous sex offenders would escape registration, justified a hard and fast rule, with no exceptions. Considering that no fundamental right is at stake—defendants are suffering no worse injustice than being called "sex offenders" instead of "child predators"—the Legislature could constitutionally provide that all those convicted of kidnapping or unlawfully imprisoning children not their own, or of attempting to commit those crimes, be conclusively deemed sex offenders.

Id. at 69. Accord, e.g., People v. Taylor, 42 A.D.3d 13, 16 (2007) ("the Legislature could reasonably have concluded that kidnappers should be required to register as well, if only because the absence of a sexual element from the kidnapping may be the merely fortuitous result of the interruption of the offender's plan"); People v. Covington, No. 18-09005, 2018 WL 846532, at *3

(N.Y. Sup., Westchester Cty. Feb. 9, 2018) (same). The Court should adopt the reasoning of every other court to have addressed this challenged to the New York statutes, and hold that the State's law requiring persons convicted of kidnapping a minor to register as sex offenders is constitutional.

Indeed, for Plaintiff to prevail on his substantive due process challenge, the Court would need to determine that both the New York State Legislature and the United States Congress acted irrationally. The challenged registration requirement for kidnapping offenses involving a minor, whether or not a sexual component was involved, is contained in both state and federal law, and the state law was drafted to comply with a federal mandate. Knox, 12 N.Y.3d at 67-68. This alone should preclude a finding of irrationality.

## POINT IV

### PLAINTIFF'S DUE PROCESS VAGUENESS CHALLENGE FAILS AS A MATTER OF LAW

Plaintiff's Third Claim For Relief contends that Plaintiff's parole conditions restricting him from residing within 1,000 feet of a school and from being with 300 yards of places where "children congregate," and requiring him to notify his Parole Officer if he "establish[es] a relationship with a consenting adult," are unconstitutionally vague. SAC, ¶¶ 153-58. There is no merit to these claims.

Due process requires only that conditions of supervised release be "sufficiently clear to inform [the parolee] of what conduct will result in his being returned to prison." United States v. Simmons, 343 F.3d 72, 81 (2d Cir.2003) (internal quotation marks omitted). A condition of supervised release is unconstitutionally vague only if persons "of common intelligence must necessarily guess at its meaning and differ as to its application." Id. "[S]upervised release conditions need not be cast in letters six feet high, or describe every possible permutation, or spell

out every last, self-evident detail" to satisfy this test.  United States v. Johnson, 446 F.3d 272, 281 (2d Cir. 2006) (citing United States v. Gallo, 20 F.3d 7, 12 (1st Cir.1994)).

The 1,000 foot school residency restriction placed upon Plaintiff under N.Y. Exec. Law § 259–c(14) is not unconstitutionally vague. Pursuant to SARA, the Board of Parole is obligated to require that a mandatory condition of a parolee's release is to "refrain from knowingly entering into or upon any school grounds." Executive Law § 259–c(14).  In 2005, the Legislature expanded the definition of "school grounds" to either grounds or structures within the property line of a school, or an area within 1,000 feet of the property line of a school.  Penal Law § 220.00(14)(a-b). To the extent Plaintiff argues the law is unclear on this point regarding the demarcation line, the text of § 220.00(14) provides detailed guidance.[6] Most importantly, the New York Court of Appeals has specifically held that these statutes are not unconstitutionally vague, and explained that the proper method of measurement is the "straight-line method" from "the boundaries of school grounds outward in order to encompass all public areas within a 1,000–foot radius of the school."  People v. Robbins, 5 N.Y.3d 556, 559 (2005).

The fact that the State's highest court has thus given an authoritative interpretation of the allegedly-vague statutes alone defeats Plaintiff's claim. But, in fact, the majority of States, as well as many localities, have enacted buffer-zone laws that keep convicted sex offenders away from school-age children, and the vast majority of those laws (many of which are stricter the New York's) have been upheld against similar constitutional challenges.[7]

---

[6] Penal Law § 220.00 (14) defines "school grounds" as follows: (a) in or on or within any building, structure, athletic playing field, playground or land contained within the real property boundary line of a public or private elementary, parochial, intermediate, junior high, vocational, or high school, or (b) any area accessible to the public located within one thousand feet of the real property boundary line comprising any such school or any parked automobile or other parked vehicle located within one thousand feet of the real property boundary line comprising any such school.

[7] See, e.g., Shaw v. Patton, 823 F.3d 556, 559, 561 (10th Cir. 2016) (Oklahoma law establishing 500-foot buffer zone); Weems v. Little Rock Police Dep't, 453 F.3d 1010, 1012, 1017 (8th Cir. 2006) (Arkansas law establishing 2,000-foot buffer zone); Doe v. Cooper, 148  F. Supp.  3d 477,  487-94  (M.D.N.C. 2015)  (North Carolina prohibition on

11

Plaintiff also contends that the related restriction that he cannot be within 300 yards of places where children congregate is unconstitutionally vague because there is no guidance as to what it means to be in a place where children congregate. Am. Compl. ¶ 156. But, as Plaintiff concedes, he was provided with an exemplary list of establishments covered by this provision. Pl. Mot. For Preliminary Injunction at 18. And the Second Circuit has expressly held that a provision requiring a parolee to stay away from locations where children congregate is not vague when such an exemplary list is provided. United States v. MacMillen, 544 F.3d 71, 73 (2d Cir. 2008).

Finally, the requirement that Plaintiff notify his Parole Officer when he "establish[es] a relationship with a consenting adult," SAC ¶ 157, is not unconstitutionally vague. Plaintiff argues that the requirement is vague because there is no guidance to show when a person "establishes a relationship" with another person. Id. But the use of the term "consenting adult" here makes it clear that this requirement refers to sexual activity. See Oxford Living English Dictionary, https://en.oxforddictionaries.com/definition/consenting_adult ("consenting adult: Noun: An adult who willing agrees to engage in a sexual act."); Lawrence v. Texas, 539 U.S. 558, 587 (2003) (O'Connor, J., concurring) (similar usage). A condition is unconstitutional only if it is so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application. United States v. Reeves, 591 F.3d 77 (2d Cir. 2010). Plaintiff himself clearly

"knowingly be[ing]" within restricted zone); Doe v. Miller, 405 F.3d 700, 709-23 (8th Cir. 2005) (Iowa law establishing 2,000-foot buffer zone); Duarte v. City of Lewisville, 136 F. Supp. 3d 752, 756, 774-84 (E.D. Tex. 2015) (local ordinance establishing 1,500-foot buffer zone); Vann v. State, 143 So. 3d 850, 853, 869 (Ala. Crim. App. 2013) (Alabama law establishing 2,000-foot buffer zone); Valentine v. Strickland, No. 08 Civ. 00993, 2009 U.S. Dist. LEXIS 132562, at *3, *6-*15 (N.D. Ohio Aug. 19, 2009) (Ohio law establishing 1,000-foot buffer zone); Gautier v. Jones, No. 08 Civ. 445, 2009 U.S. Dist. LEXIS 43052, at *15-*28 (W.D. Okla. May 20, 2009) (Oklahoma law establishing 2,000-foot buffer zone), rev'd on other grounds, 364 F. App'x 422 (10th Cir. 2010); Bulles v. Hershman, No. 07-2889, 2009 U.S. Dist. LEXIS 12815, at *2 (E.D. Pa. Feb. 19, 2009) (local ordinance establishing 2,500-foot buffer zone); Doe v. Baker, No. 05 Civ. 2265, 2006 U.S. Dist. LEXIS 67925, at *7-*18 (N.D. Ga. Apr. 6, 2006) (Georgia law establishing 1,000-foot buffer zone); ACLU of N.M. v. City of Albuquerque, 139 N.M. 761, 774, 777 (Ct. App. 2006) (local ordinance establishing 1,000-foot buffer zone); People v. Morgan, 377 Ill. App. 3d 821, 823-27 (App. Ct. 3d Dist. 2007) (Illinois law establishing 500-foot buffer zone); People v. Leroy, 357 Ill. App. 3d 530, 533, 537-42 (App. Ct. 5th Dist. 2005) (same); State v. Seering, 701 N.W.2d 655, 659, 666-69 (Iowa 2005) (Iowa law establishing 2,000-foot buffer zone).

understood the type of relationship the special condition targeted, as he admits that "Mr. Yunus is engaged and has disclosed his offender status to his fiancée." Pl. Mot. For Preliminary Injunction at 24.

## POINT V

### PLAINTIFF'S CHALLENGES TO INDIVIDUAL
### PAROLE CONDITIONS ALL FAIL AS A MATTER OF LAW

It is well established that a parolee enjoys only "conditional liberty properly dependent on observance of special parole restrictions." Morrissey v. Brewer, 408 U.S. 471, 480 (1972). A state parole board may properly subject a parolee "to many restrictions not applicable to other citizens." Id. at 482. For this reason, "conditions of parole are discretionary and not subject to judicial review in the absence of a showing that the board or its agents acted in an arbitrary and capricious manner." Pena v. Travis, No. 01 Civ 8534, 2002 WL 31886175, at *9 (S.D.N.Y. Dec. 27, 2002). Further, even when warranted, "review of conditions of parole are generally matters for state courts," not federal courts. Id. See Boddie v. Chung, No. 09 Civ. 04789, 2011 U.S. Dist. LEXIS 48256, at *5 (E.D.N.Y. May 4, 2011); Maldonado v. Fischer, No. 11 Civ. 1091, 2013 U.S. Dist. LEXIS 141488, at *10 (W.D.N.Y. Sept. 30, 2013) (directing plaintiff to file an Article 78 proceeding if he wishes to contest his special conditions in the future).

The parole conditions challenged in this proceeding necessarily flow from his state court criminal conviction, and the majority are statutorily required upon his kidnapping conviction and the proceeding to determine his SORA level. As explained in Point I above, Plaintiff's collateral challenges to these conditions in this federal court are thus barred under Rooker-Feldman. They all fail on the merits in any event.

**A.    Plaintiff's First Amendment Claim Concerning Cell Phone And Computer Restrictions Fails As A Matter Of Law**

13

Plaintiff's Fourth Claim For Relief contends that the restrictions placed on his use of a cell phone and computers violates the First Amendment because he is purportedly prevented from accessing "any commercial social networking website" and "[c]ategorical bans on accessing social media use that are not narrowly tailored violate the First Amendment." SAC ¶¶ 160-61. But Plaintiff admits that he currently has access to a cell phone, computer, and social media for academic purposes and to communicate with his attorneys. Id. ¶ 85-87. In short, the "blanket prohibition" Plaintiff challenges here does not exist, and the more limited restrictions set forth in the body of the SAC easily satisfy the Constitution. Plaintiff possesses and uses his own cell phone. Id. ¶ 86. He also has access to his school's computers. Id. ¶¶ 85-87. He has requesteda and been allowed to access social media websites, such as LinkedIn. Docket Entry 56, Decl. Joan Lewis-Robinson, ¶ 24.  Both the Supreme Court and Second Circuit acknowledged in those cases that more limited restrictions, such as those here, can be entirely appropriate. See Packingham v. North Carolina, 137 S. Ct. 1730, 1737-38 (2017); United States v. Peterson, 248 F.3d 79, 82-84 (2d Cir. 2001).[8]

Additionally, special conditions restricting Plaintiff's access to the internet, pornography, social media and computer use, are mandated by statute and have been routinely upheld by the courts. N.Y. Exec. § 259–c(15) requires the Division of Parole to prohibit parolees convicted of kidnapping under N.Y. Penal Law § 135, "from using the internet to access pornographic material, access a commercial social networking website, communicate with other individuals or groups for the purpose of promoting sexual relations with persons under the age of eighteen, and communicate with a person under the age of eighteen when such offender is over the age of eighteen."  See generally Farrell v. Burke, 449 F.3d 470, 497 (2d Cir. 2006) ("Because [petitioner]

---

[8] Indeed, the Second Circuit has upheld complete bans on internet access in appropriate cases. United States v. Johnson, 446 F.3d 272, 282-83 (2d Cir. 2006).

was a convicted sex offender, most regulations of his possession of sexual material would be 'reasonably and necessarily related to the Government's legitimate interests in the parolee's activities' and thus would not violate the First Amendment.").

**B.      Plaintiff's Substantive Due Process Claim Concerning Restrictions On Contact With Underage Extended Family Members Fails**

Plaintiff's Fifth Claim For Relief contends that his parole restrictions on contact with minors are unconstitutional because they interfere with a fundamental right in regard to his minor nieces and cousins. SAC ¶¶ 164-69.  But this due process right is limited to circumstances where there is a strong relationship between the extended family members, a custodial relationship or some responsibility for the care of the extended family member, which Plaintiff entirely fails to allege.

The Second Circuit has recognized that under certain circumstances, individuals who are not parents may have a protected liberty interest in their relationships with their biologically related minor relatives, even when they lack legal custody. Rivera v. Marcus, 696 F.2d 1016, 1022 (2d Cir.1982). For example, the court has held that foster parents with a blood relationship to the child, including grandparents, can sometimes "have a liberty interest in preserving the integrity and stability of [their] family." Bellet v. City of Buffalo, No. 03 Civ. 27S, 2009 WL 2930464, at *3 (W.D.N.Y. Sept. 11, 2009).  However, that right exists only where there is either a custodial relationship between the extended family members, or some measure of responsibility for their care. United States v. Myers, 426 F.3d 117, 128 (2d Cir. 2005) ("Some measure of due process protection also extends to a non-custodial, biological parent who demonstrates 'a full commitment to the responsibilities of parenthood by coming forward to participate in the rearing of his child.'"); Rivera v. Marcus, 696 F.2d 1016, 1025 (2d Cir. 1982) (custodial relatives "are entitled to due process protections."); Doe v. Lima, 270 F. Supp. 3d 684 (S.D.N.Y. 2017) (substantive and

procedural due process applied to special parole conditions barring parolee from any contact with infant son.).

Plaintiff has failed to allege that there is any such close relationship at issue here. To the contrary, he admits that he has never met one of his nieces, and the others only on "two brief occasions." SAC ¶¶ 97, 98. Plaintiff has thus not alleged the type of relationship with his minor family members that gives rise to a claim regarding interference with a close familial relationships. This parole condition would thus only be subject to judicial review to the extent it is arbitrary and capricious, see, e.g., Pena, 2002 WL 31886175, at *9, a test it easily survives given that Plaintiff's crime of conviction involved a minor victim. See United States v. Johnson, 446 F.3d 272 (2d Cir.2006) (upholding a complete ban on direct and indirect contact with any person under the age of 18.).

**C.   Plaintiff's Conclusory Challenge Alleging That Almost All Other Conditions Of His Parole Are Arbitrary And Capricious Fails As A Matter Of Law**

When determining special conditions, the circumstances of the parolee's crime can and should be taken into account by parole officials. If a parole condition is rationally related to the parolee's past conduct and future chances of recidivism, a court has no authority to substitute its own judgment for that of the individuals in charge of designing the terms of a petitioner's parole release. See, e.g., Williams v. New York State Div. of Parole, 71 A.D.3d 524, 525 (2010).

Plaintiff's contention that restrictions regarding driving a motor vehicle, pet ownership, a P.O. Box, possessing sexually explicit material, and photographic or recording equipment are entirely conclusory and must be dismissed. As an initial matter, for the reasons stated above, this Court should not supplant the jurisdiction of state courts which provide the proper avenue of relief to challenge state parole conditions. See Point I, supra; Maldonado v. Fischer, No. 11 Civ. 1091, 2013 WL 5487429, at *4 (W.D.N.Y. Sept. 30, 2013) (directing plaintiff to file an Article 78

proceeding if he wishes to contest his special conditions in the future).

In any event, the complaint, at a minimum, must allege non-conclusory facts to identify why or how the parole conditions are arbitrary and capricious. Without such allegations, the claims are not plausible: "Plaintiff must therefore describe in detail the facts underlying his crime of conviction as found at trial and also, more importantly, explain why the parole conditions are unreasonable or unnecessary despite the actions for which he was convicted." Trisvan v. Annucci, 284 F. Supp. 3d 288, 304 (E.D.N.Y. 2018). The SAC utterly fails this basic test. In regard to his underlying crimes, Plaintiff simply alleges that he was convicted of the "crime of kidnapping-for-ransom," that "[t]he kidnapping arose in the context of the drug trade and had no sexual component," and that "one of [Plaintiff's] victims was under seventeen years old." SAC ¶¶ 22-23. But he provides no factual detail as to the crime for which he was convicted or explain why the challenged conditions are unreasonable or unnecessary. Without such factual detail, Plaintiff's SAC does not even show that the conditions he challenges are subject to judicial review, much less state a plausible claim for relief.[9]

## POINT VI

### ALL PLAINTIFF'S CLAIMS FOR DAMAGES FAIL FOR THE ADDITIONAL REASON THAT DEFENDANTS, AT A MINIMUM, ARE ENTITLED TO QUALIFIED IMMUNITY

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Pearson v. Callahan, 555 U.S. 223, 231

---

[9] To take only one example, although not alleged in the complaint both defendants and Plaintiff are well-aware that Plaintiff used a motor vehicle to take his victims across state lines in connection with the underlying crimes. Restrictions on motor vehicle use are thus directly related.to the crime of conviction, and, because they are thus not arbitrary and capricious, they would not be subject to judicial review at all. See Gerena v. Rodriguez, 192 A.D.2d 606, 607 (1993) (parole condition prevent parolee from operating a motor vehicle when he had used a car to lure and abduct his victims was not arbitrary, and was not subject to judicial review).

(2009) (quoting <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982)). The Second Circuit has instructed that "[t]he issues on qualified immunity are: (1) whether plaintiff has shown facts making out violation of a constitutional right; (2) if so, whether that right was 'clearly established'; and (3) even if the right was 'clearly established,' whether it was 'objectively reasonable' for the officer to believe the conduct at issue was lawful." <u>Gonzalez v. City of Schenectady</u>, 728 F.3d 149, 154 (2d Cir. 2013) (citing <u>Taravella v. Town of Wolcott</u>, 599 F.3d 129, 133-34 (2d Cir. 2010)).

In determining whether a defendant is entitled to qualified immunity, courts consider whether the facts "make out a violation of a constitutional right," and whether "the right at issue was 'clearly established' at the time of defendant's alleged misconduct." <u>Pearson</u>, 555 U.S. at 231. "The 'clearly established' inquiry does not ask how courts or lawyers might have understood the state of the law at the time of the challenged conduct," but rather "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.'" <u>Estate of Devine v. Fusaro</u>, 676 F. App'x 61, 63 (2d Cir. 2017) (quoting <u>Saucier v. Katz</u>, 533 U.S. 194, 202 (2001)). "Only Supreme Court and Second Circuit precedent existing at the time of the alleged violation is relevant in deciding whether a right is clearly established." <u>Moore v. Vega</u>, 371 F.3d 110, 114 (2d Cir. 2004). When it is unclear to what extent the Circuit's decisions are consistent with Supreme Court authority, the right is not "clearly established" for qualified immunity purposes. <u>Reichle v. Howards</u>, 566 U.S. 658, 665-70 (2012). The Supreme Court has repeatedly confirmed that the "clearly established law should not be defined 'at a high level of generality,'" but instead must be "'particularized' to the facts of the case." <u>White v. Pauly</u>, 137 S. Ct. 548, 552 (2017) (collecting cases).

Both the Supreme Court and the Second Circuit have emphasized that "[n]ormally, it is only the 'plainly incompetent or those who knowingly violate the law' - those who are not worthy

18

of the mantle of the office - who are precluded from claiming the protection of qualified immunity." Moore v. Andreno, 505 F.3d 203, 214 (2d Cir. 2007). Accord White v. Pauly, 137 S. Ct. 548, 551 (2017) (same). "Officials are not liable for bad guesses in gray areas; they are liable for transgressing bright lines." Coollick v. Hughes, 699 F.3d 211, 221 (2d Cir. 2012) (internal quotation and citation omitted). An official is thus entitled to qualified immunity unless any reasonable official is their position would have understood that what they are alleged to have done violated the law. Reichle v. Howards, 566 U.S. 658, 665-70 (2012) (quotation omitted).

Here, as explained in Points II-V, supra, Plaintiff has failed allege a constitutional violation, and he thus necessarily had failed to allege violation of a constitutional right that was clearly established at the time of the alleged misconduct. Defendants are thus entitled to qualified immunity.

In any event, a reasonable official could have believed that their alleged actions did not violate Plaintiff's constitutional rights. Indeed, they could hardly have believed otherwise – the parole conditions challenged by Plaintiff in this case were put in place because he was convicted of an offense subject to parole conditions under SORA pursuant to a state statutory scheme that had been upheld against the very constitutional challenges brought here in the State's highest court. See Knox, 12 N.Y.3d at 67-68. State officials cannot simply choose to disregard a state statute that has been upheld by the State's highest court, and that has never been found to be unconstitutional by any federal court – let alone in controlling authority from the Supreme Court or Second Circuit. And, for the reasons discussed above, Defendants could reasonably have believed that all of the conditions of which Plaintiff complains are rationally related to his crime and lawful. For example, since Plaintiff used a vehicle in his kidnapping of a minor, the restrictions on his use of a vehicle

are reasonable. Defendants could also have believed that Plaintiff's minor relatives are not within the circle of individuals covered by a right of familial association.

Defendants further could have reasonably believed that Plaintiff was afforded sufficient procedural due process, given that no controlling authority had held there was either a liberty interest at issue or that there needed to be a third hearing prior to the imposition of SORA-related parole conditions. See Point II, supra. And reasonable officials in defendants' positions would not have been on notice that any of the special conditions challenged by plaintiff violated the Constitution. See Points III-V, supra. See also generally Birzon v. King, 469 F.2d 1241, 1243 (2d Cir. 1972) (rejecting the argument that a parolee has a constitutional right to be free from rationally imposed special conditions). In particular, many of the special conditions are statutorily required under N.Y. Exec. § 259–c(15), and the defendants would certainly not have been on notice that following the statutory requirements was unlawful. Because it was, at a minimum, objectively reasonable for defendants to believe they acted lawfully, pursuant to a presumptively constitutional state statute upheld by the State's highest court, they are entitled to qualified immunity.

## POINT VII

### ALMOST ALL PLAINTIFF'S CLAIMS FOR INJUNCTIVE RELIEF ARE LIKELY TO BE MOOTED IN THE NEAR FUTURE

Article III of the United States Constitution limits a federal court's exercise of judicial power to actual, ongoing "Cases" or "Controversies." U.S. Const. Art. III, § 2, cl. 1. The case-or-controversy requirement of Article III subsists throughout all stages of litigation. United States v. Juvenile Male, 564 U.S. 932, 936 (2011). The doctrine of mootness is a corollary of the case-or-controversy requirement. "The mootness doctrine provides that although there may be an actual and justiciable controversy at the time the litigation is commenced, once that controversy ceases

to exist, the federal court must dismiss the action for want of jurisdiction." 15 James Wm. Moore, et al., Moore's Federal Practice § 101.9, at 101-238 (3d ed. 2011); Juvenile Male, 564 U.S. at 936.

As Plaintiff's counsel noted, Plaintiff has been re-incarcerated for an alleged violation of parole (relating to a condition not challenged in this lawsuit), and a preliminary hearing is imminent. See Docket No. 57. Plaintiff's counsel further acknowledges that Plaintiff is not able to challenge his prior ongoing conditions of parole while incarcerated. Id. at p.2. Defendants respectfully submit that, at the date on which this brief is filed, it would be prudent to stay resolution of this case and the present motion until Plaintiff's revocation proceeding is concluded. Should Plaintiff's parole be revoked, his injunctive claims would be moot. See Maldonado, 2013 WL 5487429, at *4 ("As plaintiff is no longer subject to special conditions of parole, his request for injunctive relief is moot") (citing Martin–Trigona v. Shiff, 702 F.2d 380, 386 (2d Cir.1983)). Accord Davidson v. David, No. 06 Civ. 7676, 2008 WL 5111289, at *7 (S.D.N.Y. Aug. 4, 2008).

Finally, Plaintiff's counsel has expressed their intent to seek leave to file a Third Amended Complaint adding claims in regard to the pending revocation proceeding. Docket No. 57 at p.3. While we have not seen the proposed amendment, any challenge to the pending revocation proceeding would appear to be barred by Younger v. Harris, 401 U.S. 37 (1971), and its progeny.

**POINT VIII**

**PLAINTIFF'S CLAIMS FOR DAMAGES AGAINST STATE OFFICIALS IN THEIR OFFICIAL CAPACITIES ARE BARRED BY THE ELEVENTH AMENDMENT**

The Eleventh Amendment to the United States Constitution precludes suits in federal court against a State or its agents absent the State's unequivocal consent to such suits. Pennhurst Interstate Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984). "Suits against state officials in their official capacities [are] treated as suits against the State" for purposes of the Eleventh Amendment. Hafer v. Melo, 502 U.S. 21, 25 (1991).

21

Here, all Defendants are State officials employed by DOCCS, and the State of New York has neither waived its sovereign immunity nor consented to suit in federal court.  <u>Trotman v. Palisades Interstate Park Comm'n</u>, 557 F.2d 35, 38-40 (2d Cir. 1977).  Accordingly, any claims for damages Plaintiff is attempting to assert against Defendants in their official capacity are barred by the Eleventh Amendment.

## **CONCLUSION**

For all of the reasons herein above set forth, the State Defendants respectfully request that this Court grant their motion to dismiss the Second Amended Complaint in its entirety with prejudice, and for such other and further relief the Court deems just and proper.


Dated: New York, New York
　　　　April 17, 2018

                                        Respectfully submitted,

                                        ERIC T. SCHNEIDERMAN
                                        Attorney General of the State of New York
                                        <u>Attorney for State Defendants</u>
                                        By:


                                        _____/s/_____
                                        Amanda C. Shoffel
                                        Assistant Attorney General
                                        120 Broadway - 24th Floor
                                        New York, New York 10271
                                        (212) 416-8576