UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X

EQUAN YUNUS, SR.,

                              Plaintiff,

       - against -

J. LEWIS ROBINSON, *et.al.*,

                            Defendants.

-------------------------------------------------------------- X

17-CV-5839 (AJN)(BCM)

**STIPULATION OF SETTLEMENT, GENERAL RELEASE, AND ORDER OF DISMISSAL**

JUL 0 1 2019

      This SETTLEMENT STIPULATION, GENERAL RELEASE, AND ORDER OF DISMISSAL ("Settlement Stipulation") is made by and between Plaintiff Equan Yunus, Sr. ("Plaintiff") and Defendants Parole Officer Yolanda Vazquez, Parole Officer Joan Lewis-Robinson, Bureau Chief Derek Jones, Senior Parole Officer Denise Grannum, Senior Parole Officer Rodney Smith and Acting Commissioner Anthony Annucci ("Defendants"):

      WHEREAS, Plaintiff commenced the above-captioned action ("the Action") by filing a complaint on or about August 1, 2017, in this Court, and on or about March 29, 2018, filed a second amended complaint alleging that Defendants and Governor Cuomo violated Plaintiff's rights under the Constitution by requiring that plaintiff register as a sex offender and imposing certain parole conditions upon plaintiff relating to his status as a person convicted of a crime designated as a sex offense under State law; and

      WHEREAS, all claims for damages against Defendants in their individual capacities and all claims against Governor Cuomo were dismissed by the Court in its Order of January 11, 2019 (the "Order"); and

WHEREAS, the Order further preliminarily enjoined Defendants from requiring Plaintiff to register as a sex offender or imposing certain parole conditions upon Plaintiff that related to his status as a statutory sex offender; and

WHEREAS, Defendants appealed from the portion of the Order granting a preliminary injunction, and the appeal was voluntarily withdrawn subject to reinstatement; and

WHEREAS, Plaintiff filed a Supplemental Amended Complaint adding a proposed claim for damages for alleged wrongful physical confinement against Defendants Hamilton and Lewis-Robinson in their individual capacities; and

WHEREAS, Defendants, whether in their individual or official capacities, expressly deny any wrongful conduct or liability, or violation of any federal, state, or local statute, ordinance, or law in this matter whatsoever; and

WHEREAS, Plaintiff and Defendants wish to fully resolve the claims alleged in any of the complaints in the Action, and any and all other disputes, whether known or unknown, without further litigation or proceedings and without admission of fault or liability and have negotiated in good faith for that purpose; and

WHEREAS, neither Plaintiff nor any of the Defendants is an infant or incompetent person; and

WHEREAS, Plaintiff represents and warrants that, other than this Action, he has no action or proceeding pending in any court, state or federal, arising out of or relating to the subject matter of this lawsuit.

NOW THEREFORE, in consideration of the mutual promises, covenants, representations, and other consideration contained in this Settlement Stipulation, Plaintiff and Defendants hereby agree as follows:

1.     **Dismissal of the Action With Prejudice**

The Action, and all claims asserted therein are discontinued with prejudice against all Defendants pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and without payments, attorneys' fees, costs, disbursements, or expenses in excess of the amounts specified in Paragraph 3 below.

2.     **Agreement That Plaintiff Will Not Be Required To Register As A Sex Offender**

(a)     In full consideration of Plaintiff's execution of this Settlement Stipulation, his agreement to be bound by its terms, and his undertakings as set forth herein including, but not limited to, the dismissal of the Action with prejudice, the release of claims granted to Defendants, the State and its agencies, officials and subdivisions, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, Defendants and the New York State Division of Criminal Justice Services ("DCJS") agree that, pursuant to and upon entry of an Order from the Court adopting the terms of this Settlement Stipulation, they will take no steps to require Plaintiff to register as a sex offender in regard to his 2002 conviction of kidnapping a minor for ransom, or to enforce, as against Plaintiff, the registration and notification provisions made applicable to designated sex offenders by SORA, (CL §§ 168a-168w), in regard to that crime of conviction. Non-party DCJS's agreement to be bound by the terms set forth in this paragraph is set forth in Exhibit A to this Settlement Stipulation.

(b)     Nothing set forth in this Settlement Stipulation shall prevent Defendants or DCJS from requiring plaintiff to register as a sex offender or enforcing the registration and notification provisions made applicable to designated sex offenders by SORA, (CL §§ 168a-168w), in regard to any crime designated as a sex offense that Plaintiff may be convicted of committing in the future.

3.  <u>**Payment to Plaintiff and Plaintiff's Attorneys**</u>

In full consideration of Plaintiff's execution of this Settlement Stipulation, his agreement to be bound by its terms, and his undertakings as set forth herein including, but not limited to, the dismissal of the Action with prejudice and other good and valuable consideration, the sufficiency of which is hereby acknowledged, the Defendants shall pay the gross amount of One-Hundred-Seventy Thousand Dollars ($170,000), in full satisfaction of any and all claims,  allegations or actions, direct or indirect, known or unknown, that Plaintiff had, has, or may have against the Defendants, whether in their individual or official capacities, arising out of conduct, acts, or omissions prior to, up to and including the date of this Settlement Stipulation, including but not limited to those asserted in the Action, including any attorney's fees, costs, disbursements, and expenses incurred by Plaintiff for any and all counsel who have assisted Plaintiff or at any time represented Plaintiff in the Action or in connection with any other proceeding, administrative, judicial, or otherwise, and any other claim or action alleging any of the acts, transactions, occurrences, or omissions asserted in the Action as follows:

The State of New York, on behalf of the Defendants, shall pay to Plaintiff the total sum of One-Hundred-Seventy Thousand Dollars ($170,000), for which an I.R.S. Form 1099 shall be issued, in full satisfaction and complete satisfaction of 1) any and all claims for compensatory damages (including but not limited to pain and suffering, mental and emotional anguish and trauma, damage to reputation, economic damages, punitive damages, and liquidated damages) incurred by Plaintiff that were or could have been the subject of any claim in the Action, as well as in connection with any other proceeding, administrative, judicial, or otherwise, including but not limited to any other claim or action alleging any of the acts, transactions, occurrences, or omissions asserted or

4

purportedly asserted in the Action; and 2) any and all claims, purported claims, allegations, or causes of action for attorneys' fees, costs, disbursements, and expenses incurred by Plaintiff for any and all legal counsel who have at any time represented Plaintiff in the Action or in connection with any other proceeding, administrative, judicial or otherwise, and any other claim or action arising from, based upon, or alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted in the Action. Payment shall be made by check in the amount of One-Hundred-Seventy Thousand Dollars ($170,000), and shall be made payable to Emery Celli Brinckerhoff & Abady LLP as Attorneys for Equan Yunus. The payment shall be mailed to: Andrew G. Celli, Jr., Emery Celli Brinckerhoff & Abady LLP, 600 Fifth Avenue, New York, NY 10020.

4.   **State Approval of Payments**

Payment of the settlement amount specified in Paragraph 3 of this Settlement Stipulation is subject to the approval of all appropriate State officials in accordance with N.Y. Public Officers Law § 17. Plaintiff and Plaintiff's attorneys agree to promptly execute and deliver all necessary and appropriate vouchers and other documentation requested with respect to obtaining such approval and effectuating payment.

5.   **Accrual of Interest**

In the event that payment of the settlement amount paid to Plaintiff, as specified in Paragraph 3 of this Settlement Stipulation, has not been made by the ninetieth (90th) day after receipt by the Office of the Attorney General of a "So Ordered" copy of this Settlement Stipulation, entered into the record by the Clerk of Court, together with all other documentation required under Paragraphs 4 and 8 of this Agreement, interest on any part of the settlement amount not paid by the ninetieth (90th) day shall accrue at the statutory rate prescribed by 28 U.S.C. § 1961, commencing on the ninety-first (91st) day, unless the provisions of Executive Law Section 632-a apply to

Plaintiff and the payment hereunder constitutes "funds of a convicted person" under the Son of Sam Law, in which event, the ninety (90) day payment period shall be extended by an additional thirty (30) days with respect to the first check to allow for compliance with that law.

### 6.   Liability of Plaintiff and Plaintiff's Attorneys for Taxes

It is understood and agreed that any taxes, or interest or penalties on taxes, on the settlement amount specified in Paragraph 3 of this Settlement Stipulation shall be the sole and complete responsibility of Plaintiff and Plaintiff's attorneys, and that Plaintiff and Plaintiff's attorneys shall have no claim, right or cause of action against Defendants, the New York State Department of Corrections and Community Supervision ("DOCCS"), the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their officials, employees or agents, whether in their individual or official capacities, on account of such taxes, interest or penalties.  Plaintiff and Plaintiff's attorneys agree that they will indemnify, and hold harmless Defendants, DOCCS, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their officials, employees, or agents, whether in their individual or official capacities, for the satisfaction of any such taxes, or interest or penalties on taxes.

### 7.   Liability of Plaintiff and Plaintiff's Attorneys for Liens and Setoffs

Plaintiff and Plaintiff's attorneys agree that neither Defendants, DOCCS, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), nor any of their officials, employees or agents, whether in their individual or official capacities, shall be responsible for any liens or setoffs of any kind (including, but not limited to, any and all unemployment benefits, workers' compensation, tax, or child support liens) which may attach to the settlement amount specified in Paragraph 3 of this Settlement Stipulation.   Plaintiff and

Plaintiff's attorneys shall have no claim, right, or cause of action against Defendants, DOCCS, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), or any of their officials, employees, or agents, whether in their individual or official capacities, on account of such liens, and agree that they will indemnify, and hold harmless Defendants, DOCCS, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their officials, employees, or agents, whether in their individual or official capacities, for the satisfaction of any such liens.

8. **Medicare Certification**

Plaintiff acknowledges and understands that Section 111 of the Medicare, Medicaid, and SCHIP Extension Act of 2007 ("MMSEA"), 42 U.S.C. § 1395y(b), mandates that the State of New York and the OAG report information to Medicare regarding settlements, judgments, awards or payments of any kind for the purpose of coordinating benefits for Medicare beneficiaries, and agrees to deliver an executed and notarized Affidavit of Medicare Eligibility Status, in the form annexed hereto as Exhibit B, to the OAG. Plaintiff and Plaintiff's attorneys acknowledge and understand that the submission of this Affidavit, and any and all requested supporting documentation, to the OAG is a prerequisite to payment of the settlement amount specified in Paragraph 3 of this Settlement Stipulation, and falls within the category of "other documentation" described in Paragraphs 4 and 5 of this Settlement Stipulation.

9. **Liability of Plaintiff for Any Medicare Payments and/or Liens**

Plaintiff agrees to defend, indemnify, and hold harmless Defendants, DOCCS, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their officials, employees, or agents, whether in their official or individual capacities, regarding any liens or past and/or future Medicare payments presently known or

unknown in connection with the Action.   If conditional and/or future anticipated Medicare payments have not been satisfied, the State of New York and/or DOCCS and/or the OAG reserve the right to issue a multi-party check naming Medicare as a payee or to issue a check to Medicare directly based on the Medicare Final Demand Letter with respect to the amounts specified in Paragraph 3 of this Settlement Stipulation.   Upon receipt of all required documentation under Paragraphs 4, 5, and 8, payment of the settlement amount specified in Paragraph 3 shall be made in accordance with the terms set forth herein.

10.    **General Release**

In consideration of the agreement recited in Paragraph 2 above and payment of the sum recited in Paragraph 3 above, the sufficiency of which is hereby acknowledged, Plaintiff, on behalf of himself, his heirs, executors, administrators, successors, and assigns (collectively, "the Releasing Parties"), hereby releases and forever discharges each of the Defendants, DOCCS, DCJS, and the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and all of their present and former principals, officers, officials, directors, members, affiliates, employees, agents, attorneys, insurers, subdivisions, subsidiaries, heirs, administrators, and assigns, whether in their individual or official capacities (collectively, "the Released Parties"), from all manner of actions, injuries, proceedings, causes of action, grievances, suits, debts, obligations, dues, sums of money, accounts, contracts, controversies, agreements, promises, damages, judgments, claims, and demands whatsoever, direct or indirect, known or unknown, discovered or undiscovered, that the Releasing Parties ever had, now have, or shall or may have in the future against some, any, or all of the Released Parties, for or by reason of any act, transaction, occurrence, omission, cause, matter, or thing whatsoever up to and including the date of this Settlement Stipulation, including but not limited to: (a) any and all claims regarding or

arising out of the causes of action, acts, transactions, occurrences, or omissions which are described, alleged, or contained in the complaint in this Action; (b) any and all claims regarding or arising directly or indirectly from either plaintiff's association with any of the Released Parties or the terms and conditions of his association with any of the Released Parties, except those described in Paragraph 24 of this Settlement Stipulation; (c) any and all other claims, whether for damages (including but not limited to, claims for equitable relief, compensatory, punitive, or other damages), breach of contract, negligence, estoppel, defamation, infliction of emotional distress, violation of public policy, or any other tort, or any claim for costs, fees, or other expenses including attorneys' fees, or any other claims under federal, state, or local law relating to plaintiff's supervision on parole by DOCCS. Plaintiff also waives and releases any and all claims against the State of New York, its agencies, departments, and officials in the New York Court of Claims or any other forum, administrative or otherwise, related to or arising from any transactions, acts, omissions, or occurrences up to and including the date of this Settlement Stipulation, except those described in Paragraph 24 of this Settlement Stipulation.

## 11.    No Other Action or Proceeding Commenced

Other than the Action, and Plaintiff's pending lawsuit in the Northern District of new York described in Paragraph 24 of this Settlement Stipulation, Plaintiff represents and warrants that he has not commenced, maintained, or prosecuted any action, charge, complaint, grievance, or proceeding of any kind against Defendants, DOCCS, the State of New York (including, but not limited to, any agencies, departments, and subdivisions thereof), and/or any of their officials, employees, or agents, whether in their individual or official capacities, on his own behalf and/or on behalf of any other person and/or on behalf of or as a member of any alleged class of persons, that none of the foregoing is currently pending in any court or before any administrative or investigative

body or agency, and acknowledges that this representation constitutes a material inducement for Defendants to enter into this Settlement Stipulation.

### 12.   No Other Attorney

Plaintiff and the undersigned attorneys for Plaintiff represent and warrant that there are no other attorneys having a lien for services rendered to Plaintiff pursuant to the provisions of N.Y. Judiciary Law § 475 or otherwise in the Action, or in any other action or proceeding alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted in the Action. The undersigned attorneys for Plaintiff agree to indemnify, and hold harmless Defendants, DOCCS, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), and any of their officials, employees, or agents, whether in their individual or official capacities, from any liability or claims for attorneys' fees, costs, disbursements, or expenses incurred by Plaintiff in the Action or in connection with any other proceeding, administrative, judicial or otherwise, and any other claim or action alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted in the Action.

### 13.   No Prevailing Party

Neither Plaintiff nor Defendants shall be deemed a "prevailing party" for any purpose including, but not limited to, any statutory or contractual claim based upon "prevailing party" status with respect to the Action.

### 14.   Successors and Assigns

The terms and conditions of this Settlement Stipulation shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

15. **Authority**

Each signatory to this Settlement Stipulation hereby represents and warrants that he, she, or it has the requisite authority to enter into this Settlement Stipulation and has not previously assigned or transferred any rights or interests with respect to the matters covered by this Settlement Stipulation.

16. **Voluntary Agreement**

The parties hereto execute and deliver this Settlement Stipulation voluntarily after being fully informed of its terms, contents and effect, and acknowledges that she, he or it understands its terms, contents and effect. The parties hereto acknowledge that he, she or it is aware, and is advised, of his, her or its right to seek the advice of an attorney and that he, she or it has been represented by counsel of his, her or its own choosing before agreeing to any settlement or release, and no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party hereto or any one acting on behalf of such party.

17. **No Admission of Liability**

It is understood and agreed that any action taken or payments made pursuant to this Settlement Stipulation are made solely to avoid the burdens and expense of protracted litigation, and that this Settlement Stipulation and the actions taken or payment made pursuant hereto are not to be construed as constituting any determination on the merits of any claims, whether asserted or purportedly asserted in the Action. Nothing contained in this Settlement Stipulation shall be deemed to constitute a policy, practice, or custom of DOCCS, the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), or any of their officials, employees, or agents, whether in their individual or official capacities.

11

18.   <u>No Precedential Value</u>

This Settlement Stipulation shall not in any manner be construed as determinative of the issues or claims, whether raised or purportedly raised, in the Action or any other proceeding, and shall have no precedential value.  In addition, notwithstanding the provisions of any paragraph herein, this Settlement Stipulation shall not bind or collaterally estop Defendants, DOCCS,  the State of New York (including, but not limited to, any and all agencies, departments, and subdivisions thereof), or any of their officials, employees, or agents, whether in their individual or official capacities, in any pending or future actions or proceedings in which the same or similar issues are raised, from defending any and all issues raised in said actions or proceedings, or from advancing any and all available defenses.

19.   <u>Entire Agreement</u>

This Settlement Stipulation constitutes the entire agreement between the parties hereto pertaining to the subject matter hereof, and supersedes and embodies, merges and integrates all prior and current agreements and understandings of the parties hereto, whether written or oral, with respect to the subject matter of this Settlement Stipulation, and may not be clarified, modified, changed, or amended except in a writing duly executed by the parties hereto or an authorized representative of the parties hereto.

20.   <u>Governing Law</u>

The terms of this Settlement Stipulation shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York, except to the extent that federal law may apply to Plaintiff's release and waiver of federal claims or purported claims pursuant to Paragraph 10.

21.     **Severability**

If any provision of this Settlement Stipulation shall be held by a court of competent jurisdiction to be invalid, void, or unenforceable in whole or in part, such decision shall not invalidate the remaining portion or affect its validity.

22.     **Headings**

The headings contained in this Settlement Stipulation are for convenience of reference only and are not a material part of this Settlement Stipulation.

23.     **Execution**

This Settlement Stipulation may be executed in any number of counterparts, all of which taken together shall constitute one Settlement Stipulation, and may be executed by facsimile signature and facsimile notary seal.

24.     **Exclusion of Pending Action From General Release**

No term of this Settlement Stipulation shall be construed as preventing or limiting Plaintiff from continuing to pursue the claims he asserted in his initial complaint (Docket No. 1) in the case *Yunus v. Jones,* 16-CV-1282 (N.D.N.Y.) (GTS/ATB), currently pending in the Northern District of New York.

IN WITNESS WHEREOF, the parties hereto acknowledge that they have read this Settlement Stipulation and accept and agree to the provisions contained herein, and have each executed this Settlement Stipulation to be effective on the day and date it is So Ordered by the Court.

Dated: New York, New York
June 27, 2019

LETITIA JAMES
Attorney General of the State of New York
*Attorney for Defendants*

By: _____

Daniel Schulze
Assistant Attorney General
28 Liberty Street
New York, New York 10005
(212) 416-6557
Daniel.Schulze@ag.ny.gov

Dated: New York, New York
June 27, 2019

EMERY CELLI BRINCKERHOFF
& ABADY LLP
*Attorneys for Plaintiff*

By: _____

Andrew G. Celli, Jr.
David Berman
600 Fifth Avenue
New York, New York 10020
(212) 763-5000

**SO ORDERED.**

Dated: 7/1/19

_____
Hon. Alison J. Nathan
United States District Judge

14

# EXHIBIT A

## EXHIBIT A

Non-party New York State Division of Criminal Justice Services, as the agency managing the sex offender registry for the State of New York, agrees that, upon entry of an Order adopting the foregoing Stipulation of Settlement, General Release, and Order of Dismissal, it will be bound by and comply with the portion of the Court's Order that adopts the provisions set forth in paragraph 2 therein.

Dated: 6.19.19

Mark White
First Deputy Commissioner
Division of Criminal Justice Services

_____
Mark White

# EXHIBIT B

*Rev Feb 2015*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

EQUAN YUNUS, SR.,                                       :        17-CV-5839 (AJN)(BCM)
                                                        :
                                     Plaintiff,         :        **AFFIDAVIT OF STATUS OF**
                                                        :        **MEDICARE ELIGIBILITY**
                    - against -                         :
                                                        :
J. LEWIS ROBINSON, *et.al.,*                            :
                                                        :
                                     Defendants.        :

------------------------------------------------------------ X

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF _____     )

      EQUAN YUNUS, SR., being duly sworn, deposes and says:

1.    I am the plaintiff in the above-entitled action and I reside at

_____.

2.    I am making this affidavit with full knowledge that the same will be relied upon by the

State of New York, its agents, employees and representatives ("OAG") in connection with

settlement of this claim/action against Defendants, specifically as it relates to the OAG's

obligations as to Medicare compliance primarily pursuant to Section 111 of the Medicare,

Medicaid and SCHIP Extension Act of 2007 ("MMSEA") and the Medicare Secondary Payer

Act ("MSP"). *[Note: A query will be made pursuant to Section 111 of the Medicare, Medicaid*

*and SCHIP Extension Act of 2007, 42 US.C. 1395(B)(8) to verify your current Medicare*

*status].*

3.    I hereby acknowledge and understand that as mandated by CMS and promulgated by and

through its rules and regulations including but not limited to the MMSEA and/or MSP, I am

required to:

a.  reimburse Medicare for *conditional payments* it has made from the settlement herein; and/or

b.  utilize the settlement proceeds to pay for future medical expenses, when necessary.

4.  I further acknowledge that the information provided herein will be relied upon by the Represented Defendants and OAG as true and accurate and, when applicable, will be used for reporting pursuant to Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007 and/or as deemed necessary and/or required by the Represented Defendants and OAG.

5.  I hereby agree to promptly provide the OAG with any and all information necessary and required for its reporting pursuant to Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007.

### PEDIGREE INFORMATION

6.  I have been known by (include all alias name(s), former name(s) and/or maiden name(s)) the following names: _____. I hereby acknowledge that I can be identified by this/these name(s) and all these names are indeed referring to me.

7.  I consent to OAG verifying my current Medicare eligibility for purposes of its compliance with Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007. I affirm:

a.  my social security number is _____;
b.  my date of birth is _____; and
c.  my gender is male / female.

## CURRENT MEDICARE ELIGIBILITY

*✐ Initial and affirm applicable current Medicare eligibility status ✐*

8.   As of the date of this affidavit:

a.   ✐_____   I am not currently receiving nor have I ever received Medicare coverage and/or benefits;

### OR

b.   ✐_____   I am a Medicare beneficiary and my Medicare number [HIC #] is _____. I am aware of my obligation to reimburse Medicare, as well as any Medicare Part C Plan (also referred to as Medicare Advantage Plans, Medi-Gap Plans), (collectively hereinafter referred to as "Medicare") for payments and/or benefits that I received directly or indirectly from Medicare for medical expenses for injuries that were the subject of this personal injury action. I understand that reimbursement directly to Medicare may be made from proceeds I receive from the settlement of this personal injury action; and

   i.   ✐_____   Medicare has confirmed that no payment is due and owing from the total proceeds of the above-captioned litigation. *(Attach copy of Medicare's letter)* ; or

   ii.   ✐_____   Medicare has confirmed that it will accept the total amount of $_____ as full and final reimbursement of all Medicare payments made to date. *(Attach copy of Medicare reimbursement letter)*. In accordance with the attached Medicare letter, I consent to the payment of that sum directly from the total proceeds of the above-captioned litigation; or

   iii.   ✐_____   I am awaiting a Final Demand letter or equivalent information from Medicare. Upon my receipt of the necessary documentation, I will promptly provide it to OAG's Medicare Compliance via email at Medicare.Compliance@ag.ny.gov. I agree that no interest or penalty will be assessed or demanded by me or on my behalf against the OAG for any delay in payment pursuant to the terms and conditions of the settlement in the above-captioned litigation prior to OAG's receipt of any and all necessary documentation from me issued by Medicare (including but not limited to Medicare's Final Demand letter or equivalent correspondence). In accordance with Medicare's Final Demand letter or its equivalent correspondence, I consent to the payment of that sum directly from the total proceeds of the above-captioned litigation.

3

## FUTURE MEDICARE ELIGIBILITY
*✎ Initial and affirm applicable future Medicare eligibility status ✎*

9.    As of the date of this affidavit:

a.    ✎_____    I do not expect to be a Medicare recipient within 30 months of the date of this affidavit and the date of the settlement of the above-captioned litigation.  I affirm that I:
    i.    I have not applied for social security disability (SSDI);
    ii.    have not been denied SSDI and anticipating appealing that decision;
    iii.    am not in the process of appealing or re-filing for SSDI;
    iv.    am not 62.5 years or older; and
    v.    do not have End Stage Renal Disease (a qualifying condition for Medicare);

**OR**

b.    ✎_____    I am not current a Medicare beneficiary.  However, I anticipate that I will be Medicare eligible within 30 months of the date of this affidavit and the date of the settlement of the above-captioned litigation and

    i.    ✎_____    I do not require any future treatment for injuries that are the subject of this personal injury action.  The required certification(s) for the injuries alleged in the complaint is attached.  The attached certification attests that there is no anticipated future treatment required for the injuries sustained in the within personal injury action; or

    ii.    ✎_____    I do require future treatment for the injuries that are the subject of this personal injury action.  In accordance with the attached Medicare Set-Aside Trust ("MSA"), I consent to the payment of $_____, payable to $_____ from the total proceeds of the above-captioned litigation. I affirm this sum will be used for the medical expenses relating to the injuries of this personal injury action;

**OR**

c.    ✎_____    I am currently a Medicare beneficiary and

    i.    ✎_____    I do not require any future treatment for injuries that are the subject of this personal injury action.  The required certification(s) for the injuries alleged in the complaint is attached.  The attached certification attests that there is no anticipated future treatment required for the injuries sustained in the within personal injury action; or

    ii.    ✎_____    I do require future treatment for the injuries that are the subject of this personal injury action.  In accordance with the attached

4

Medicare Set-Aside Trust ("MSA"), I consent to the payment of $_____, payable to $_____ from the total proceeds of the above-captioned litigation. I affirm this sum will be used for the medicals expenses relating to the injuries of this personal injury action; or

iii.    _____    I have not sought treatment for the injuries alleged in this case and, as such, there are no medical expenses relating to the injuries alleged herein.  Furthermore, I do not anticipate seeking medical treatment for injuries alleged in this action.  I understand and agree should I require future treatment and/or prescription medication for such injuries, I will use the requisite amount of proceeds from this agreement to pay for any medical expenses relating to such injuries.


_____
Equan Yunus, Sr.


Sworn to before me this
_____ day of _____, 20_____.


_____
NOTARY PUBLIC